**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

CECIL THOMAS AND JOHN DEAN, on
behalf of themselves and all others similarly
situated,

              Plaintiffs,

        -against-

TXX SERVICES, INC. and PATRICIA
DOUGAN HUNT,

            Defendants.

-------------------------------------------------------- x

      Case 2:13-CV-02789-SJF-WDW

## DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Jeffrey W. Pagano
Ira M. Saxe
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
(212) 223-4000
(212) 223-4134 (fax)

Attorneys for Defendants TXX Services, Inc.
and Patricia Hunt

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ................................................................................................ 3

II.    SUMMARY OF DEFENDANTS' PENDING MOTION ................................. 3

III.   DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS ................... 4

IV.    ALL EVIDENCE SUBMITTED BY DEFENDANTS IN SUPPORT OF DEFENDANTS'
       MOTION SHOULD BE CONSIDERED ........................................................... 5

V.     THE UNDISPUTED EVIDENCE DEMONSTRATES THAT PLAINTIFFS ARE NOT
       EMPLOYEES OF TXX ...................................................................................... 7

VI.    CONCLUSION ................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re G. & A. Books, Inc.*,
    770 F.2d 288 (2d Cir. 1985) ................................................................................6

*Saca v. Dav-El Reservation Sys., Inc.*,
    600 F. Supp. 2d 483 (E.D.N.Y. 2009) ................................................................7

*Sporten v. Bridgehampton Road Races, Inc.*,
    No. 13-cv-1730, 2014 WL 923265 (E.D.N.Y. Mar. 10, 2014) .............................6

*United States v. Rivieccio*,
    661 F. Supp. 281 (E.D.N.Y. 1987) ......................................................................7

**Statutes**

28 U.S.C. § 636(b)(1)(C) ...........................................................................................3

Fair Labor Standards Act .............................................................................. *passim*

New York Labor Law ..................................................................................... *passim*

## I.   INTRODUCTION

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, Defendants TXX Services, Inc. ("TXX") and Patricia Hunt ("Hunt" and, together, "Defendants") hereby respectfully object to the Report and Recommendation of the United States Magistrate Judge Wall ("Report") (Docket No. 106).

In the Report, Magistrate Judge Wall recommends that Defendants' Motion for Judgment on the Pleadings be denied.  Defendants wish to preserve all rights of review by this Court.  Defendants hereby reassert their Motion for Judgment on the Pleadings and incorporate all prior briefing herein by reference.  Defendants object to the Report to the extent that it is inconsistent with or rejects or modifies the positions and facts advanced by Defendants in their briefs. Defendants respectfully request *de novo* review on all such issues and specifically request that this Court grant Defendants' Motion.

The undisputed evidence submitted to the Court demonstrates that Plaintiffs were engaged as independent contractors providing services to customers of TXX, and were not "employees" as a matter of law, whether under the Fair Labor Standards Act ("FLSA") or the New York Labor Law ("NYLL").  Plaintiffs have not disputed any of the evidence presented by Defendants.  Indeed, the evidence submitted by Plaintiffs' contains admissions that demonstrate that they were not "employees" of TXX or its customers, as a matter of fact.

## II.   SUMMARY OF DEFENDANTS' PENDING MOTION

Pursuant to the Court's instructions at the September 8, 2013 initial conference in this action and the Court's September 12, 2013 Minute Entry (Docket No. 81), Defendants filed their Motion as one for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) or, in the alternative, that it be converted to one for summary judgment (the "Motion").  The Motion

demonstrated that TXX provides secure locations where customer shipments, typically consisting of controlled substances, can be safely and securely transferred to "last mile" transportation providers ("Owner/Operators"), as a part of the chain of custody necessary to appropriately account for and deliver regulated pharmaceutical items to the indicated destination. Customers of TXX and Owner/Operator organizations have made the business decision not to invest in a secure warehouse operation and the resulting real estate commitment, unlike TXX. Owner/Operator organizations have chosen to solely focus upon providing the "last mile" secure transportation services, within the controlled transportation delivery network on behalf of the regulated sources of controlled substances or customers and on behalf of the recipient pharmacies and other recipients in the New York/New Jersey geographic area.

Individuals who provide transportation services on behalf of Owner/Operators, like Plaintiffs, are not "employees" of TXX.  Indeed, the Complaint alleges nothing more than conclusory statements that Plaintiffs were never "employees" of Defendants.  These statements are wholly unsupported by facts.  Moreover, when given the opportunity by the Court to provide evidentiary support for claims that they were employees of TXX, Plaintiffs failed to present any evidence to dispute the factual record presented by TXX that they were at all times not "employees" of TXX.

III.   **DEFENDANTS ARE ENTITLED TO JUDGMENT ON THE PLEADINGS**

Without even considering the declarations submitted by the parties in support of and in opposition to Defendants' Motion, Plaintiffs' allegations can be dismissed based on the pleadings alone.  As described in greater detail in Defendants' opening and reply memoranda, Plaintiffs' Complaint fails to state a claim under the FLSA or NYLL, because it does not contain factual allegations that they were "employees" of TXX or employed by the Owner/Operators or otherwise.  The Complaint contains, at best, conclusory allegations regarding the relationship

between Plaintiffs and Defendants, but fails to support these allegations with facts that justify a conclusion that Plaintiffs were "employees" of any organization or other person, whether it be TXX, Hunt, or otherwise.  Indeed, Magistrate Judge Wall acknowledged the conclusory nature of Plaintiffs' Complaint but concluded that Defendants do not challenge the sufficiency of the allegations in the Complaint.  *See* Report at 8 n.2.  Magistrate Judge Wall's conclusion in this regard overlooks the arguments throughout Defendants' briefs that it is Plaintiffs' burden to allege and demonstrate that they were "employees" as defined under the FLSA and NYLL, and that conclusory allegations are insufficient to survive a motion under Rule 12(c) or Rule 56.  *See, e.g.,* Defendants' Memorandum in Support of Motion for Judgment on the Pleadings ("Opening Brief") at 8-9 (noting that Plaintiffs failed to allege facts to state a claim that they were employees); Defendants' Reply Memorandum in Support of Motion for Judgment on the Pleadings ("Reply Brief") at 5 (noting that Plaintiffs' conclusory allegations are insufficient to create a genuine issue of material fact).

Because Plaintiffs have not pled any facts to support their claims sufficient to survive a motion under Rule 12(c), granting Defendants' Motion for Judgment on the Pleadings is appropriate.

## IV.  ALL EVIDENCE SUBMITTED BY DEFENDANTS IN SUPPORT OF DEFENDANTS' MOTION SHOULD BE CONSIDERED

Although Defendants believe that the Complaint can be dismissed under Rule 12(c) because Plaintiffs have failed to state a claim upon which relief may be granted, Defendants' Motion specifically requested relief, in the alternative, for summary judgment under Rule 56.  Despite that, Magistrate Judge Wall refused to consider any evidence outside of the pleadings, including the detailed declarations and exhibits submitted by Defendants.

Nonetheless converting Defendant's Motion to one for summary judgment is appropriate in this case.

As the Report notes, a motion filed pursuant to Fed. R. Civ. P. 12 may be converted to a summary judgment motion when the parties "have been given a reasonable opportunity to present all of the material that is pertinent to the motion." Report at 4 (quoting Fed. R. Civ. P. 12(d)). Such was the case here. Defendants presented the evidence necessary to demonstrate that Plaintiffs are not "employees" of TXX, but rather were "independent contractors." Plaintiffs had the opportunity to present evidence in opposition to Defendants' Motion, and Plaintiffs did so. Indeed, Plaintiffs submitted five (5) declarations with their opposition, and Plaintiffs expressly recognized the possibility that Defendants' Motion would be treated as a motion for summary judgment. *See* Opp. at 3; Report at 3-4. Therefore, the parties had adequate opportunity to present all relevant evidence, and conversion to summary judgment was appropriate. *See, e.g., In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985) ("A party cannot complain of lack of a reasonable opportunity to present all material relevant to a motion for summary judgment when both parties have filed exhibits, affidavits, counter-affidavits, depositions, etc. in support of and in opposition to a motion to dismiss."); *Sporten v. Bridgehampton Road Races, Inc.*, No. 13-cv-1730, 2014 WL 923265 (E.D.N.Y. Mar. 10, 2014) (converting motion to dismiss to motion for summary judgment where opposing party was on notice and presented an affidavit and documentary evidence in opposition to the motion).

That Plaintiffs were unable, even though declarations and otherwise, to provide sufficient evidence to support their contention that they are "employees" does not prevent the Motion from being converted to one for summary judgment. The facts relevant to this question – the status of Plaintiffs' relationship with TXX – is available to Plaintiffs and discovery on this

issue will not provide Plaintiffs with any more information to support their allegations.  For this reason, the cases cited by Magistrate Judge Wall for the purpose of not considering the declarations and evidence submitted by the parties are inapposite here.  For instance, in *Saca v. Dav-El Reservation Sys., Inc.*, 600 F. Supp. 2d 483 (E.D.N.Y. 2009), the Court refused to convert the motion to dismiss to a motion for summary judgment because the facts relevant to the issues that needed to be decided were mainly within the defendant's control such that plaintiffs did not have access to them in their opposition.  Here, Plaintiffs have made no suggestion that they lack access to facts regarding the nature of their relationship with TXX, nor did Magistrate Judge Wall make any such finding.  In *United States v. Rivieccio*, 661 F. Supp. 281 (E.D.N.Y. 1987), unlike here, the parties agreed to conduct limited discovery before filing summary judgment motions.[1]  Thus, these cases should not impact the outcome here.

As such, should the Court determine that Defendants' Motion cannot be granted on the pleadings alone, it should be converted to a motion for summary judgment, to be decided based on the declarations and exhibits submitted to the Court.

## V.    THE UNDISPUTED EVIDENCE DEMONSTRATES THAT PLAINTIFFS ARE NOT EMPLOYEES OF TXX

Defendants' briefs and the exhibits thereto established, in great detail, that Plaintiffs are not "employees" of Defendants.[2]  Plaintiffs have not presented evidence to dispute

---

[1]    Should the Court determine that, despite Defendants' objections, it cannot grant judgment in favor of Defendants, Defendants respectfully request that the Court adopt Magistrate Judge Wall's Recommendation that the parties engage only in limited discovery regarding the Plaintiffs' employment or independent contractor status.

[2]    The discussion of the independent contractor test under the FLSA and NYLL has already been presented to the Court in its entirety in Defendants' Opening Brief and Reply Brief.  Below, Defendants present merely a summary of that analysis, but requests that the Court review this question *de novo*.

this conclusion.    Plaintiffs have admitted that business entities entered into one or more Owner/Operator Agreements ("Agreements") with TXX, which expressly provided that an independent contractor relationship was created, and which set forth the scope and terms of the independent contractor relationship.    Plaintiffs' business entities and other Owner/Operators decided whether to enter into an Agreement to provide transportation services and to determine whether to provide such services from time to time.    Plaintiffs have failed to present any evidence to dispute the fact that TXX did not maintain or exercise control over the means and methods of operation utilized by Plaintiffs to provide transportation services.    For instance, Plaintiffs provided transportation services at their own convenience, could accept or reject engagements to provide transportation services, and were never provided rules, policies, and procedures or otherwise set by TXX controlling the means and method of performing the transportation services whether directly or indirectly.    Reply Brief at 3.    Plaintiffs' transportation services were guided by customer requirements and applicable federal and state law regarding the secure handling of controlled substances.    *Id.*

Plaintiffs do not dispute that they had the opportunity to engage others to perform transportation services, either alongside Plaintiffs or instead of Plaintiffs.    *Id.* at 3-4.    It is further undisputed that TXX does not require transportation services for a minimum or maximum number of days, hours or minutes per period of time or at all.    *Id.* at 4-5.    Plaintiffs also do not dispute that they were free to accept or reject engagements to provide transportation services to TXX customers.    *Id.* at 8-9.    Plaintiffs have not disputed, nor can they, that Owner/Operators have the discretion to provide transportation services on behalf of businesses or customers apart from TXX, either as a delivery service providing mechanic, driver or helper or otherwise. Plaintiffs admit that TXX did not require individuals who provide transportation services on

8

behalf of Owner/Operators to have any specific pre-qualifications prior to being engaged as a transportation provider, and they admit that no training is provided by TXX.  *Id.* at 10.  For each of the foregoing reasons, TXX did not control the manner and means by which Plaintiffs and other Owner/Operators performed transportation services.

Additionally, Defendants established that, based upon the business strategy of each Owner/Operator, some Owner/Operators have the discretion to choose to make significant financial investments to provide transportation services, while other Owner/Operators have invested little.  *Id.* at 12-14.  Plaintiffs have not disputed this evidence or alleged that they have not made investments in their businesses.  What remains undisputed is that the business platform set forth in the Agreement allows these strategic decisions to be made by all Owner/Operators. *Id.*  Additionally, Plaintiffs have admitted that they have opportunities for loss in performing transportation services.   Some Owner/Operators – like Laura Zamora, who submitted a declaration in support of Defendants' Motion – have built transportation businesses from one vehicle, adding additional vehicles, engaging persons to operate the vehicles to provide additional transportation services, in order to broaden their ability to bid on additional engagements to TXX and other customers.  *Id.*  Other Owner/Operators, like Plaintiffs, have chosen to exercise the discretion to not build a business platform beyond a single transportation function and a single area in which they provide transportation services.  *Id.*  These differences clearly demonstrate the undisputed fact that the Agreements provides each Owner/Operator with the opportunity for growth, profit, risk, and loss.   Some Owner/Operators choose to take advantage of an opportunity provided under the Agreement for whatever strategic reason and some choose different strategies.

Plaintiffs chose to ignore the substantial evidence presented by Defendants that the Owner/Operators have a relationship, governed by specific terms in their Agreements indicating that the relationship is for ninety (90) days, subject to renewals, and is terminable in accordance with the terms of the Agreements, including appropriate notice by either party. Reply Brief at 15-16.    Plaintiffs likewise have not disputed that Plaintiffs' Owner/Operator entities were paid a per-delivery rate for transportation services performed, that Plaintiffs and individuals who provide transportation services on behalf of Owner/Operators were not on TXX's "payroll," and that Plaintiffs did not receive fringe benefits, resulting in substantial tax benefits as a result of their exercise of discretion to deploy Owner/Operator entities and capitalize on their chosen independent contractor status. *Id.* at 17.

For all of the foregoing reasons, the undisputed evidence submitted to this Court establishes that Plaintiffs' Complaint is insufficient to state a claim upon which relief should be granted, because Plaintiffs have failed to plead sufficient facts to demonstrate that defeats the determination that they were "employees" under the FLSA and/or NYLL, or that Defendants were employers under the same statutes.  Furthermore, there is no genuine issue of material fact that Plaintiffs were independent contractors.  Because Plaintiffs were independent contractors, the case must be dismissed in its entirety with prejudice.

## VI.    <u>CONCLUSION</u>

Defendants respectfully raise the above objections and request that the Report be rejected.  Defendants also re-assert their request that the Court enter judgment in favor of Defendants and dismiss Plaintiffs' Complaint with prejudice or otherwise grant summary judgment.

Dated:  April 30, 2014
          New York, New York

Respectfully submitted,


**CROWELL & MORING LLP**

By: /s/ Jeffrey W. Pagano
       Jeffrey W. Pagano

Ira M. Saxe
590 Madison Avenue, 20th Floor
New York, New York 10022
(212) 223-4000
(212) 223-4134 (fax)

Attorneys for Defendants TXX Services, Inc.
and Patricia Hunt

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE was served on April 30, 2014 utilizing the Court's CM/ECF system, which will automatically send notice of such filing to Plaintiffs' following attorneys of record listed below:

> Douglas Weiner, Esq.
> Douglas@jhllp.com
> Joseph & Kirschenbaum LLP
> 233 Broadway, 5th Floor
> New York, NY 10279

Dated:  April 30, 2014                     /s/ Ira M. Saxe
       New York, NY                              Ira M. Saxe

NYACTIVE-13938559.1

12