

590 Madison Avenue, 20th Floor, New York, NY 10022-2524 ▪ p212 223-4000 ▪ f212 223-4134

Jeffrey W. Pagano
(212) 895-4208
jpagano@crowell.com

July 28, 2014

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   AUG 0 6 2014   ★ 

**LONG ISLAND OFFICE**

<u>**VIA ECF**</u>

The Honorable Sandra J. Feuerstein
United States District Judge
United States District Court for
   the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    **Cecil Thomas et al. v. TXX Services, Inc. et al.**
              **U.S. District Court for the Eastern District of New York**
              <u>**Civil Action No. 2:13-CV-02789-SJF-WDW**</u>

Dear District Judge Feuerstein:

      We represent Defendants TXX Services, Inc. ("TXX") and Patricia Hunt ("P. Hunt") (collectively, "Defendants") in connection with the above-referenced action. We write to respectfully request a pre-motion conference regarding deposition subpoenas that Plaintiffs' counsel has indicated will be served on Tuesday, July 29, 2014. Subject to the outcome of the pre-motion conference, Defendants intend to file a motion to quash these subpoenas.

      On June 24, 2014, the Court held a telephonic hearing regarding Magistrate Judge Wall's April 14, 2014 Report and Recommendation that Defendants' Motion for Judgment on the Pleadings be denied. During the hearing, Your Honor converted this motion to a motion for summary judgment and noted that additional summary judgment papers could be submitted to the Court. Your Honor asked whether additional information would be needed prior to filing such papers. Plaintiffs' counsel replied that he would like to take a Rule 30(b)(6) deposition. He also mentioned that he might want documents to be produced but, when pressed to identify which documents he would need for summary judgment, he did not respond. The Court ordered that Plaintiffs could take a Rule 30(b)(6) deposition and that any additional summary judgment papers were to be filed by August 6, 2014.[1] At no point did the Court grant either party permission to conduct, and Plaintiffs did not request, additional discovery from the Court.

---

[1] Defendants note that the Rule 30(b)(6) deposition was rescheduled by agreement of the parties, and the Court has since granted an extension of the deadline for summary judgment papers in light of the necessity to reschedule the Rule 30(b)(6) deposition. *See* July 21, 2014 Order (Dckt. No. 116).

The Honorable Sandra J. Feuerstein
July 28, 2014
Page 2

On July 23, 2014, Plaintiffs' counsel sent us copies of two subpoenas, which he indicated would be served the following week. *See* Exs. 1 and 2. These subpoenas are directed at one of TXX's customers, Bellco, and John Raschi, the Director of Operations for AmerisourceBergen Corporation, Bellco's parent company. *Id.* We responded to Plaintiffs' counsel the same day by objecting to the subpoenas. *See* Ex. 3 (email). We have met and conferred with Plaintiffs' counsel, who refused to withdraw the subpoenas. Plaintiffs' counsel indicated, during the meet and confer session, that he would not serve the subpoenas until tomorrow, July 29, 2014.

The two deposition subpoenas are inappropriate for several reasons. First, and most important, the subpoenas are inconsistent with and in violation of Your Honor's instructions during the June 24, 2014 hearing. Plaintiffs' counsel did not request to take additional depositions other than the Rule 30(b)(6) deposition, and the Court rejected Plaintiffs' counsel's request for more expansive discovery at this time. Since the hearing, Plaintiffs have not made a request of the Court to allow any other deposition.

Second, in both subpoenas, Plaintiffs request the production of "Bellco's contracts with TXX Services, Inc. from 2007 to the present." *See* Exs. 1 and 2. This request is unnecessary and burdensome. Should Plaintiffs need such documents, they should have noted such a need at the hearing and issued requests for production of these documents from TXX, not from TXX's customers. The only purpose of these subpoenas is to harass and annoy TXX's customers, disrupting the business relationship between TXX and Bellco, and they should be quashed.

For the foregoing reasons, Defendants respectfully request that the Court schedule a pre-motion conference regarding the propriety of these subpoenas and the related depositions. Should the pre-motion conference fail to resolve the dispute, Defendants hereby state their intent to seek the Court's permission to file a motion to quash the subpoenas.

We thank the Court in advance for its attention to this matter.

Respectfully submitted,

/s/ Jeffrey W. Pagano

Jeffrey W. Pagano

Enclosures

cc (via ECF, with enclosures):   Douglas Weiner, Esq.
JOSEPH & KIRSCHENBAUM LLP
223 Broadway, 5th Floor
New York, NY 10279
facsimile: (212) 688-2548
Counsel for Plaintiffs

---

*Handwritten order:* Defendants' application for a pre-motion conference is denied. Upon consideration of plaintiffs' response to the Order to Show Cause dated 7/29/14, plaintiffs have not shown cause why they should be permitted to depose Bellco or Raschi. So Ordered. s/ Sandra J. Feuerstein, U.S.D.J. 8/6/14