UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CECIL THOMAS and JOHN DEAN on
behalf of themselves and all others similarly
situated,

                         Plaintiffs,

          -against-

TXX SERVICES, INC. and PATRICIA
DOUGAN HUNT,

                         Defendants.
-----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    SEP 3 0 2015    ★

LONG ISLAND OFFICE

**ORDER**

13-CV-2789 (SJF)(SIL)

FEUERSTEIN, District Judge:

          Plaintiffs Cecil Thomas and John Dean (plaintiffs) object to a Report and

Recommendation (R. & R.) of the Honorable Steven I. Locke, United States Magistrate Judge,

dated May 22, 2015, recommending that the Court find that plaintiffs are not employees of

defendants TXX Services, Inc. (TXX) and Patricia Dougan Hunt (defendants), but instead

independent contractors, and that the Court, therefore, should dismiss their federal and state labor

claims under FED. R. CIV. P. 56.   Because the Court finds no clear error in Judge Locke's R. &

R., it accepts it in its entirety.

I.          STANDARD OF REVIEW

          Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct

proceedings on dispositive pretrial matters without the consent of the parties.   FED. R. CIV. P.

72(b); *see Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir.

2002).   Any portion of a report and recommendation on dispositive matters to which a specific,

1

timely objection has been made is reviewed *de novo.*  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *see Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010).  However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's report and recommendation if the party fails to file timely objections designating the particular issue."); *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point.").

General objections, or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review . . . [because] [s]uch objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009) (alterations, quotations and citations omitted); *Butto v. Collecto, Inc.*, 290 F.R.D. 372, 379 (E.D.N.Y. 2013) (quotations and citation omitted).  To accept the report and recommendation of a magistrate judge to which such general or perfunctory objections are made, or to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* FED. R. CIV. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error."); *Libbey v. Village of Atlantic*

*Beach*, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013); *7-Eleven, Inc. v. Khan*, 977 F. Supp. 2d 214, 219 (E.D.N.Y. 2013).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *see Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc.*, 295 F.R.D. 1, 2 (E.D.N.Y. 2013); *North Shore-Long Island Jewish Health Care Sys., Inc. v. MultiPlan, Inc.*, 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

## II.     PLAINTIFF'S OBJECTIONS

Plaintiffs object to Magistrate Judge Locke's finding that they are independent contractors, who may not recover under federal and state law, as clear error.   [Docket Entry No. 160 (Plaintiff's Objections to Report (Pl.'s Obj.) at 1)].   Plaintiffs claim that, "Judge Locke erred by (1) resolving factual disputes in [defendants'] favor; (2) failing to make all reasonable inferences in [their] favor; and (3) "misapplying the [summary judgment] standard."   *Id.* at 2.

Plaintiffs point to record evidence, which, they argue, shows the existence of a genuine issue of material fact as to whether they are employees within the meaning of the FLSA using the five (5)-factor "economic reality" test set forth in *Brock v. Superior Care, Inc. (Superior Care)*, 840 F.2d 1054, 1058–59 (2d Cir. 1988).   They point to: the declarations of drivers to show that defendants exercised control over them by: setting rates for routes, threatening to take away their routes if they refused assignments or they did not complete an assignment without finding a replacement driver, forbidding the drivers from dealing directly with customers, requiring them to report to TXX's facility in the morning, setting rules for drivers, and supervising them, evidence that the drivers did not engage in a bona fide bidding process with

defendants, that their work was integral to defendants' business, and that the drivers and defendants had a longstanding business relationship, all of which, they argue demonstrates that they are employees, and not independent contractors.  Pl.'s Obj. 3–18.  Plaintiffs' objections, are identical to the arguments raised before Magistrate Judge Locke, and therefore, the Court reviews Magistrate Judge Locke's R. & R. only for clear error.  *Owusu*, 655 F. Supp. 2d at 313.

Although the "existence and degree" of each factor of the economic reality test is a factual question, the ultimate question of whether a worker is an employee or an independent contractor is a legal question.  *Superior Care*, 840 F.2d at 1059.  Magistrate Judge Locke correctly found that the parties did not dispute the underlying facts, but instead characterized the facts differently according to their respective legal positions, which does not defeat summary judgment.  *See Hoard v. Sizemore*, 198 F.3d 205, 211 (6th Cir. 1999) ("[T]here is no factual dispute, but rather a dispute about how to characterize the undisputed evidence in light of the relevant law.").  Magistrate Judge Locke correctly observed that many of plaintiffs' asserted "factual disputes" are semantical, for example whether defendants "terminated" a driver, or "no longer engaged" his services.  R. & R. 31.  And, although TXX sets the drivers' routes and schedules, and requires them to appear at its facility in the morning, this does not raise a factual issue of "control" because TXX's clients, and the nature of TXX's business dictate these requirements.  *Id.* at 29; *cf. Browning v. Ceva Freight, LLC*, 885 F. Supp. 2d 590, 602 (E.D.N.Y. 2012) ("[T]hese constraints stemmed from the nature of the business, as opposed to [defendant] in particular.  It is reasonable that a company such as [defendant] would impose boundaries of this nature in the shipping business.").  In sum, the Court finds no clear error in Judge Locke's legal conclusion that plaintiffs were independent contractors and not employees

4

under both federal and New York law. *Accord Browning*, 885 F. Supp. 2d at 599, 610 (granting summary judgment against drivers on FLSA and NYLL claims on issue of independent contractor status) (citing *Harjes v. Parisio*, 766 N.Y.S.2d 270 (3d Dep't 2003); *Barak v. Chen*, 929 N.Y.S.2d 315 (2nd Dep't 2011)).

### III.   CONCLUSION

For the reasons set forth herein, the Report is accepted in its entirety and, for the reasons set forth in the Report, defendant's motion summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff's claims against them is granted.   Under Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

SO ORDERED.

_____
/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 30, 2015
       Central Islip, New York

5