


15-3424-cv
*Thomas v. TXX Servs., Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand sixteen.

PRESENT: DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges*,
BRIAN M. COGAN,
*District Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CECIL THOMAS, individually and on behalf of all others similarly situated, JOHN DEAN, individually and on behalf of all others similarly situated,
*Plaintiffs-Appellants*,

MUHAMMAD ASIF, NARESH BOORANI, MARK BOURNE, EDGAR CAMPOS, JOSE H. CANCELA, CUSH RACK CUNNINGHAM, SOLOMON DESNOES, OSCAR F. GONZALEZ, JAMES CORNELIUS GRANT, DONALD HENDRICKS, CARL HENRY, KORHAN KIZIL, DERELL LEWIS, WINSTON LINDSAY, ROSA MARIN, GONZALO

* Judge Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

MANDATE ISSUED ON 12/09/2016

V. MORALES, ANITA MOROCHO, PATRICIA E. MUNOZ, VICTOR A. OGUNBEDEDE, ALMA D. POPOCOL, ANDREW THOMPSON, IAN GEORGE THOMPSON, IREAL B. WADADA, COURTNEY SMITH, NICHOLAS BARATTA, IBRAHIM TAKANE, MARLON OLIVEIRA, MANUEL A. MIRANDA, BRANNE GONZALEZ, HAMILTON VASCO, WUILINTON MEJIA, DIOGENES A. GARCIA, AUDRE MAURICE HOLMES, HECTOR RODOLFO MARTINE ANDRADE, LAMONTE DAVID DEFRECCE, JOSEPH MORRIS, RUPPERTO PIZZO, TERENCE TOMLIN, LIONEL SMITH, LUIS D. FLORES, ISIDORO D. DIZON, JR., ERNST DENIZARD, OSCAR RODRIGUEZ, GERMAN A. MORAN RIOS, TEJDHARI RAGHUBIR, THOMAS J. GARGER, BORIS BABAEW, ADRIANA ORTELLADO, DENIZHAN OZTURK, ALEJANDRO SOLIS, HECTOR R. MARTINEZ, JOSE E. PICO, JOSE PLUTARCO PICO-ALVIA, DAISY E. ALVANADO, KARL DONOVAN BUCKLE, WON S. HAN, ABRAHIEM MOHAMAD, DEXTER C. ALEXANDER, LESTER ALEXANDER, LUIS XAVIER VILLALVA, ROBERT PERDUE, HARPAL SAWHNEY, EDUARDO FERNANDEZ, STEPHEN ANTHONY JOHN, MUHAMMAD ASHIQ, KONSTANTINOS VASILIOU, RICHARD S. ARMSTRONG, TYRONE DAVIS, ELWOOD CHAPMAN, OLIVER JACQUES SIMON, DEGOU GEORGE PAUL, HECTOR R. MARTINEZ,

*Plaintiffs,*

v. 15-3424-cv

TXX SERVICES, INC., PATRICIA DOUGAN HUNT,

*Defendants-Appellees.*[**]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

[**] The Clerk of Court is directed to amend the caption to conform with the above.

FOR PLAINTIFFS-APPELLANTS: DENISE A. SCHULMAN, D. Maimon Kirschenbaum, Joseph & Kirschenbaum LLP, New York, New York.

FOR DEFENDANTS-APPELLEES: JEFFREY W. PAGANO, Ira M. Saxe, Crowell & Moring LLP, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiffs-appellants appeal the district court's judgment entered October 14, 2015 awarding summary judgment to defendants-appellees TXX Services, Inc. ("TXX") and Patricia Dougan Hunt pursuant to Federal Rule of Civil Procedure 56 and dismissing plaintiffs' claims. By order entered September 30, 2015, the district court accepted the report and recommendation of the magistrate judge (Locke, *M.J.*) recommending that the court grant summary judgment in favor of defendants, on the grounds that plaintiffs were independent contractors and not employees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 190 *et seq.* We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

TXX is a transportation company that delivers freight for customers by receiving freight at its facility and engaging drivers to deliver the freight to retailers.

Hunt is an owner and shareholder of TXX. Plaintiffs are former and current delivery drivers who, through business entities, entered into contracts with TXX to deliver freight for TXX customers. They allege that defendants violated the FLSA by withholding overtime wages and violated the NYLL by reducing their wages, failing to pay wages in a timely manner, withholding overtime wages, and failing to comply with notice requirements.

In November 2013, defendants filed a motion for judgment on the pleadings that relied on affidavits. The district court referred the matter to the magistrate judge (Wall, *M.J.*), who recommended that the motion not be converted to a motion for summary judgment, that the parties be permitted to conduct additional and limited discovery, and that the motion, which he treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), be denied. The district court decided to convert defendants' motion for judgment on the pleadings into a motion for summary judgment, set a deadline for supplemental submissions, and allow plaintiffs to take a deposition under Federal Rule of Civil Procedure 30(b)(6), but no other depositions.

In September 2014, defendants filed a motion for summary judgment which the district court referred to another magistrate judge (Locke, *M.J.*). On May 22, 2015, the magistrate judge filed a report and recommendation that (1) applied the multi-factor tests set forth in *Brock v. Superior Care, Inc.*, 840 F.2d 1054 (2d Cir. 1988), and *Deboissiere v. Am. Modification Agency*, No. 09-CV-2316 (JS)(MLO), 2010 WL 4340642

(E.D.N.Y. Oct. 22, 2010), (2) concluded that plaintiffs were independent contractors and not employees under the FLSA and NYLL, and (3) recommended that the district court grant summary judgment in favor of defendants.

On September 30, 2015, the district court accepted and adopted the magistrate judge's report and recommendation, over plaintiffs' objections, and granted defendants' motion for summary judgment. The district court then dismissed plaintiffs' claims on October 14, 2015. Plaintiffs appeal that award of summary judgment as improper because they claim the district court resolved factual disputes in defendants' favor, failed to credit plaintiffs' evidence and draw reasonable inferences in their favor, and erred in holding that plaintiffs were not employees under the FLSA and NYLL.

We review an award of summary judgment *de novo* and will affirm only if the record, viewed in favor of the party against whom judgment was entered, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Barfield v. N.Y.C. Health and Hosps. Corp.*, 537 F.3d 132, 140 (2d Cir. 2008).

The inquiry into employee status under the FLSA concerns whether, based on the totality of circumstances and "as a matter of economic reality, the workers depend upon someone else's business for the opportunity to render service or are in business for themselves." *Brock*, 840 F.2d at 1059. Under the fact-intensive "economic reality" test, courts consider

> (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business.

*Id.* at 1058-59. The "existence and degree of each factor is a question of fact while the legal conclusion to be drawn from those facts -- whether workers are employees or independent contractors -- is a question of law." *Id.* at 1059.

A determination of whether a worker qualifies as an employee under the NYLL depends upon factors such as whether he or she "(1) worked at his [or her] own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll, and (5) was on a fixed schedule." *Deboissiere*, 2010 WL 4340642, at *3 (citing *Bynog v. Cipriani Grp., Inc.*, 1 N.Y.3d 193, 198 (2003), and *Velu v. Velocity Exp., Inc.*, 666 F. Supp. 2d 300, 307-08 (E.D.N.Y. 2009)). The analysis focuses on "the degree of control exercised by the purported employer over the results produced or the means used to achieve the results." *Bynog*, 1 N.Y.3d at 198.

We conclude the district court erred in granting summary judgment to defendants. First, instead of determining whether issues of fact existed for trial, the district court resolved the issues of fact itself. For example, the district court (1) found that plaintiffs have "ultimate control over their routes," (2) concluded that TXX exercised only "limited control" over drivers, (3) concluded that many of TXX's requirements for the drivers were "dictated" by the nature of its business or imposed by

customers, rather than by TXX itself, and (4) found that "each bid was essentially a separate job," even though some plaintiffs had provided services to TXX "for many years." S. App. at 33, 35, 37, 39.

Second, the record demonstrates that there are issues of material fact that preclude summary judgment. The parties, for example, disputed whether (1) TXX required drivers to drive delivery vehicles conforming to TXX specifications; (2) drivers could take breaks on their delivery routes without facing disciplinary action by TXX; (3) TXX required drivers to work a minimum number of hours; (4) plaintiffs were economically dependent on TXX; and (5) TXX controlled plaintiffs and, if so, to what extent.

Third, plaintiffs did not rely simply on conclusory assertions in opposing summary judgment, but submitted sufficiently detailed affidavits. Indeed, the parties submitted conflicting evidence. Defendants provided declarations signed by non-party drivers stating that they used vehicles of their own choosing and that they did not follow TXX rules.[1] Plaintiffs, in turn, proffered their own signed declarations asserting that TXX required them to use vans over a particular size and under a particular weight and to ensure that the vans had tinted windows.[2] Defendants presented declarations

---

[1] *See, e.g.*, App. at 65 (driver declaration asserting that he delivered freight "in secure vehicles of the choosing of [the drivers' business entities]").

[2] *See, e.g.*, *id.* at 393 (driver declaration claiming that "TXX requires vehicles that weigh less than 10,000lbs in order to use passenger routes, as opposed to commercial routes"); *id.* at 403, 409 (driver declaration stating that "TXX requires I use a van of a certain size for

suggesting that drivers had full discretion to take their own breaks and make personal stops.[3] Plaintiffs provided the signed declaration of another driver declaring that, when he tried to take breaks or deviate from his route, he received calls from TXX reprimanding him and instructing him to return to his deliveries.[4] Plaintiffs offered a signed declaration from a driver claiming that he sometimes received calls from TXX in the afternoon and on weekends directing him to complete more deliveries.[5] Defendants, on the other hand, provided copies of their contracts with the drivers which expressly specify that drivers can reject assignments for any reason and are not required to work a certain number of hours.[6] Plaintiffs claimed that "they worked exclusively for TXX" and "could not share work with others without TXX's approval," Appellants' Reply Br. at 8 (citing App. at 384, 387, 403, 406, 414, 423), while defendants' contracts with the drivers explicitly state that drivers can perform services for other companies and hire assistants or helpers to complete deliveries.[7]

---

deliveries" and "TXX requires that I tint the windows on my van in order to continue performing work for them").

[3] *See, e.g.*, *id.* at 73 (driver declaration averring that he and other drivers "at all times have decided[] . . .whether or not to take any stops for personal reasons, the nature of those stops and the duration of those stops").

[4] *Id.* at 416 (driver declaration asserting that "[w]hen I deviated from my route, I would receive a call from TXX reprimand[ing] me and instructing me to get back to delivery").

[5] *Id.* (driver declaration stating that there were "times when TXX called me in the afternoon and on Saturdays to perform more work" and that his compliance was required).

[6] *See, e.g.*, *id.* at 378 (contract providing that an "Owner-Operator may accept or reject any opportunities offered by TXX, without any reason" and "is NOT required to perform services for a minimum or maximum number of hours per day or per week").

[7] *See, e.g.*, *id.* at 378, 379 (contract stating that an "Owner-Operator is encouraged to and is free to offer his services to others and perform services for more than one company at a

On this record, the district court's award of summary judgment on the issue of plaintiffs' status as employees under the FLSA and NYLL was unwarranted. *See Velez v. Sanchez*, 693 F.3d 308, 325-31 (2d Cir. 1984) (vacating an award of summary judgment in an FLSA case in part because there were genuine issues of material facts as to whether plaintiff was an "employee" within the meaning of the FLSA); *see also Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 422-24 (2d Cir 2016) (vacating an award of summary judgment in an action brought under the Family and Medical Leave Act (FMLA) in part because there were factual disputes as to whether the FMLA's definition of "employer," which tracks the FLSA's definition of "employer," covered the defendant).

Accordingly, we **VACATE** the judgment of the district court and **REMAND** the matter for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

UNITED STATES SECOND CIRCUIT COURT OF APPEALS

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit
UNITED STATES SECOND CIRCUIT COURT OF APPEALS

time" and "is not required to provide services personally and may hire assistants or helpers to complete the work"); *id.* at 384, 387 (driver declaration asserting that "I was not allowed to share stops or routes with other drivers without the approval of TXX" and "TXX prohibited me from having contracts with any of TXX's customers for whom I made deliveries").