**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise A. Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.JK-LLP.com |

November 21, 2017

**VIA ECF**

Hon. Steven I. Locke
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    Thomas v. TXX Services Inc.
             Case No. 13-cv-2789

Dear Judge Locke:

    We represent the Plaintiffs in the above-referenced action. In accordance with the Court's Individual Practices, we submit this letter seeking to compel Defendants' production of certain documents. The parties conferred about this dispute by phone but were unable to reach a resolution.[1]

    As the Court is aware, the Plaintiffs in this case are current and former delivery drivers for TXX. Plaintiffs have asserted various wage and hour claims against Defendants under the FLSA and New York law, and Defendants contend that Plaintiffs are independent contractors rather than employees. In accordance with the Court's March 1, 2017 Order, Defendants are taking discovery from the five Plaintiffs who previously submitted declarations as well as 20 other Plaintiffs identified by Defendants (collectively, the "Discovery Plaintiffs").

    Plaintiffs' document request number 35 seeks, "All documents reflecting or concerning agreements, including but not limited to contracts, between Defendants and any Customer whose freight any Plaintiff or any company associated with any Plaintiff delivered regarding the delivery of freight." Defendants objected to this request and refused to produce responsive documents.[2] Plaintiffs now seek to compel the production of all documents responsive to

---

[1] The parties are engaged in ongoing discussions regarding the nature and extent of documents in Defendants' possession reflecting the stops to which Plaintiffs were responsible for making deliveries and their rates of pay. As such, any disputes regarding the production of such documents are not yet ripe for adjudication.

[2] Defendants' objection reads in full: "Defendants object to this Request on the grounds that it is vague, ambiguous, excessively overbroad, and unduly burdensome. Defendants further object to this Request on the grounds that it seeks the production of documents that are neither relevant nor proportional to the needs of this case, considering the importance of the issues at stake in this action, the amount of controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the discovery outweighs its likely benefit Defendants further object to this Request on the grounds that it

1

Request No. 35, including customer contracts, addenda and other supplements to contracts, as well as any agreements regarding the rates customers paid TXX.

Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" The requested documents are relevant and should be produced.

Defendants have contended that they did not control Plaintiffs in the way relevant to the independent contractor analysis, but instead merely expected Plaintiffs to comply with customer requirements. TXX's customer contracts are clearly relevant to evaluating the allocation of responsibilities between TXX and its customers. Similarly, to the extent that TXX contends that it is a mere broker of transportation services, rather than a transportation provider, the contracts will likely shed light on the customers' expectations of the services provided by TXX. Plaintiffs have also contended that that they could not carry other goods for delivery at the same time that they carried goods for TXX's customers. The contracts between TXX and its customers may have information relevant to this allegation as well. Moreover, to the extent that the requested documents contain any statements concerning delivery drivers or delivery services – such as representations by TXX regarding the qualifications and supervision of drivers or an agreement by TXX's customers not to contract directly with TXX drivers – they are relevant, at a minimum, to issues of control and opportunity for profit or loss.

Any agreements between TXX and its customers regarding the rates paid by the customers should also be produced. TXX has contended that it has maintained a competitive bidding system, which is relevant to issues of control and opportunity for profit and loss. In order to evaluate whether a true bidding system existed or whether, in fact, TXX set the rates it would pay Plaintiffs (either as a flat sum or as a percentage of what customers paid), Plaintiffs should be able to compare the rates TXX charged to its customers to the rates TXX paid vendors for delivery services. In addition, to the extent that the requested documents show that TXX charged its customers for work – such as picking up empty totes and returns – for which Defendants required Plaintiffs to perform for no additional compensation, they are also relevant to control and opportunity for profit or loss. For the foregoing reasons, Defendants should produce all documents responsive to Request No. 35 with respect to customers whose freight the Discovery Plaintiffs and/or their companies delivered. *See Collinge v. Intelliquick Delivery, Inc.*, No. 12 CV 00824, 2013 U.S. Dist. LEXIS 171111 (D. Ariz. Dec. 3, 2013) (requiring defendants to produce customer contracts and communications in independent contractor FLSA action).

Defendants have indicated that they believe, based on an earlier ruling by Judge Feuerstein, that it is the "law of the case" that Plaintiffs are not entitled to the discovery sought. This is incorrect. "The doctrine of the law of the case posits that if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case. Courts apply the

---

is premature, in that this action has not been certified as a class action or collective action. Defendants further object to this Request on the grounds that it is not properly limited, in terms of scope or time. Defendants further object to this Request to the extent that it seeks the production of confidential business information. Defendants further object to this Request to the extent that it relates to individuals or vendor business entities beyond those identified by counsel for Plaintiffs and counsel for Defendants in accordance with the Order of the Court in this action, issued March 1, 2017. Notwithstanding, subject to and without waiver of the foregoing objections, Defendants respond that TXX is withholding documents responsive to this Request on the basis of the above-stated objections."

law of the case doctrine when their prior decisions in an ongoing case either expressly resolved an issue or necessarily resolved it by implication. Application of the law of the case doctrine is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *Aramony v. United Way of Am.*, 254 F.3d 403, 410 (2d Cir. 2001) (internal quotation marks and citations omitted). As set forth below, the law of the case is inapplicable here.

In July 2014, Plaintiffs served document and deposition subpoenas on Bellco, a TXX customer, and John Raschi, a Bellco executive. The documents sought were Bellco's contracts with TXX. In response to Defendants' objection to the subpoenas, Judge Feuerstein issued an order to show cause of the "nature and relevancy of the discovery sought by service of the subpoenas[.]" (Dkt. No. 118). Thereafter, Judge Feuerstein ordered Plaintiffs to withdraw the subpoenas, pending resolution of the order to show cause. (Dkt. No. 121.) On August 6, 2014, Judge Feuerstein issued an order finding that "plaintiffs have not shown cause why they should be permitted to depose Bellco or Raschi." (Dkt. No. 123.) As that order is silent as to the discoverability of the *documents* sought by the subpoenas, *i.e.* the customer contracts, the discoverability of those documents was not previously decided, and it has no impact on the instant motion to compel.

Even if Judge Feuerstein had made a determination regarding the customer contracts at that stage of the litigation, it would not be binding on the Court now. As set forth in Defendants' letters to Judge Feuerstein, in 2014 the parties were engaged in extremely limited discovery. Plaintiffs were permitted only the discovery identified during the conference when Defendants' motion to dismiss was converted to a summary judgment motion, namely, a Fed. R. Civ. P. 30(b)(6) deposition. (Dkt. No. 117 at 1.) There is no reason to construe Judge Feuerstein's order as having "decid[ed] a rule of law[,]" such that application of the law of the case doctrine is appropriate. On the contrary, a ruling at regarding the scope of permissible discovery during a period of limited discovery is plainly inapplicable now, when the parties are engaging in full discovery.

Moreover, in opposing the document subpoenas, Defendants contended that subpeonaing contracts from their customers was harassing and "disrupt[ive of] the business relationship between TXX and Bellco" and that any such documents should be sought directly from Defendants via document requests. (Dkt. No. 117 at 2.) This is precisely what Plaintiffs have done now – requested the documents from Defendants rather than their customers. In short, Judge Feuerstein's prior orders regarding the subpoenas were do not constitute the law of the case because they were issued under very different circumstances than are present now. Even if those orders were relevant now, the Court should exercise its discretion not to follow them in light of the clear relevance of the documents sought.

For the reasons set forth herein, we respectfully request that the Court order Defendants to produce all documents responsive to Request No. 35. We thank the Court for its attention to this matter.

Respectfully submitted,

Denise A. Schulman

cc: All Counsel (via ECF)