**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise A. Schulman
Josef Nussbaum
Lucas C. Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.JK-LLP.com

November 27, 2017

**VIA ECF**

Hon. Steven I. Locke
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   Thomas v. TXX Services Inc.
      Case No. 13-cv-2789

Dear Judge Locke:

    We represent the Plaintiffs in the above-referenced action. I submit this letter in response to Defendants' November 21, 2017 seeking to dismiss Opt-In Plaintiffs Alma Popocol and Solomon Desnoes from this action because they have not responded to Defendants' discovery requests. Dismissal is unwarranted.

    Defendants' letter accurately describes the factors courts consider in determining whether to levy sanctions pursuant to Fed. R. Civ. P. 37(b) or to dismiss a plaintiff pursuant to Fed. R. Civ. P. 41(b). However, "dismissal of an action is a 'harsh remedy' that 'should be imposed only in rare situations.' It is appropriate only if the court finds 'willfulness, bad faith, or any fault on the part of the [plaintiff]' and warns the plaintiff of this potential consequence for noncompliance." *Morangelli v. Chemed Corp.*, No. 10 Civ. 00876, 2011 U.S. 151, at *3 (E.D.N.Y. Jan. 1, 2011) (internal citations omitted; emphasis added). A mere failure to respond to counsel's efforts to obtain discovery responses does not constitute willfulness or bad faith. *Saleem v. Corp. Transp. Group, Ltd.*, No. 12 Civ. 8450, 2013 U.S. Dist. LEXIS 172104, at *16 (S.D.N.Y. Dec. 5, 2013).

    Here, Plaintiffs' counsel have made multiple phone calls and sent letters to Ms. Popocol and Mr. Desnoes in an attempt to obtain their discovery responses. However, counsel's efforts have been unsuccessful. As set forth above, under these circumstances Ms. Popocol and Mr. Desnoes have not acted willfully or in bad faith, such that dismissal is warranted. Moreover, as Defendants are entitled to obtain discovery from 20 Opt-In Plaintiffs, they may replace Ms. Popocol and Mr. Desnoes with two other Opt-In Plaintiffs of their choice. In fact, Defendants have done just that by recently serving discovery requests on two additional Opt-In Plaintiffs. As such, Defendants will not be prejudiced by obtaining discovery from the two newly identified individuals rather than Ms. Popocol and Mr. Desnoes, and dismissing Ms. Popocol and Mr. Desnoes is not appropriate. *See Ayers v. SGS Control Servs.*, No. 03 Civ. 9078, 2007 U.S. Dist.

LEXIS 19634, at *43-44 (S.D.N.Y. Feb. 27, 2007) (declining to dismiss opt-in plaintiffs who did not appear at depositions where defendants instead deposed alternate opt-in plaintiffs).

Moreover, courts in this Circuit do not dismiss plaintiffs for a failure to provide discovery unless the court has previously warned them that a failure to respond is likely to result in dismissal. *E.g.*, *Saleem*, 2013 U.S. Dist. LEXIS 172104, at *16 (denying defendants' motion to dismiss opt-in plaintiffs who failed to appear for depositions where the court did not warn them of the possibility of dismissal as a sanction for non-compliance); *Morangelli*, 2011 U.S. Dist. LEXIS 151, at *4 ("[P]laintiffs must be notified before their actions are dismissed pursuant to Rule 37(d)."); *Ayers*, 2007 U.S. Dist. LEIXS 19634, at *44 (citing lack of notice of possible dismissal as one reason for denying defendants' motion to dismiss). To be sure, in all of the cases upon which Defendants rely, non-responding parties were dismissed only after being given a warning by the court. *Colella v. N.Y.C. Transit Auth.*, No. 12 CV 6041, 2014 U.S. Dist. LEXIS 182551, at *5 (S.D.N.Y. Dec. 2, 2014); *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 10 Civ. 7304, 2014 U.S. Dist. LEXIS 116111, at *4 (S.D.N.Y. Aug. 19, 2014); *Enriquez v. Cherry Hill Market Corp.*, No. CV 2010-5616, 2012 U.S. Dist. LEXIS 181626, at *6 (E.D.N.Y. Oct. 22, 2012). As the Court has not ordered Ms. Popocol and Mr. Desnoes to respond to Defendants' discovery requests and warned them that non-compliance could lead to dismissal, dismissal at this stage would be an abuse of discretion.[1] *Cf. World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155 (2d Cir. 2012) (reversing sanction of striking a request for damages where, *inter alia*, the party was not warned of the potential harsh sanction).

Even if the Court were to ultimately dismiss Ms. Popocol and Mr. Desnoes, such dismissal should be of their FLSA claims only, and the dismissal should be without prejudice. As set forth above, dismissal with prejudice is an extremely harsh penalty. In light of the lack of bad faith, willfulness, or prejudice to Defendants, *see supra*, any dismissal of Ms. Popocol's and Mr. Desnoes' FLSA claims should be without prejudice. *E.g.*, *Cancilla v. Ecolab, Inc.*, No. 12 Civ. 3001, 2014 U.S. Dist. LEXIS 153167, at *3 (N.D. Cal. Oct. 24, 2014).

In hybrid FLSA/NYLL class and collective actions such as this, courts typically do not dismiss the state law claims of non-responsive opt-in plaintiffs, even where their FLSA claims are dismissed. *E.g.*, *Scott v. Chipotle Mexican Grill, Inc.*, No. 12 CV 08333, 2015 U.S. Dist. LEXIS 175727, at *236-37(S.D.N.Y. July 13, 2015); *Ruiz*, 2014 U.S. Dist. LEXIS 116111, at *12; *Enriquez*, 2012 U.S. Dist. LEXIS 181626, at *7-8; *see also Johnson v. Wave Comm GR LLC*, NO. 10 Civ. 346, 2013 U.S. Dist. LEXIS 34470, at *12-13 (N.D.N.Y. Mar. 13, 2013) (dismissing non-responsive opt-in plaintiffs' claims without prejudice to their inclusion in a state law class, if one were certified). Contrary to Defendants' contention, the reason for the failure to respond to discovery is immaterial to courts' reasoning in this regard. As one court explained when dismissing certain opt-in plaintiffs' FLSA claims:

---

[1] In the event that the Court now issues a warning to Ms. Popocol and Mr. Desnoes giving them some additional period of time to respond to discovery before considering a sanction of dismissal, the two newly identified Opt-In Plaintiffs on whom Defendants recently served discovery should not be required to respond to those discovery requests unless and until Ms. Popocol and Mr. Desnoes fail to respond to discovery after such warning and are dismissed as Plaintiffs.

> [D]ismissal should be limited to the Non-Compliant Opt-in Plaintiffs' FLSA claims and should not include their state law claims. In cases involving FLSA collective action claims and state law claims, courts have declined to dismiss the state law claims of plaintiffs who failed to comply with discovery imposed upon them as a result of their choice to opt-in to a FLSA collective action. The Non-Compliant Plaintiffs have obligations to participate in FLSA discovery because of their choice to opt-in to the FLSA collective actions, but have no obligations to participate in discovery that arises from their state law claims. It would be unjust to dismiss Plaintiffs' state law claims when they fail to comply with FLSA discovery while other Plaintiffs who never opted in to the FLSA and never had discovery obligations imposed upon them through FLSA are not subject to dismissal.

*Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 10 Civ. 7304, 2014 U.S. Dist. LEXIS 116613, at *7 (S.D.N.Y. June 6, 2014) (report & recommendation), *aff'd* by 2014 U.S. Dist. LEXIS 116111. Defendants' assertion of potential prejudice is also misplaced. If a class is certified, Defendants will be in the same position with respect to Ms. Popocol and Mr. Desnoes as they are to all other absent class members, in that none of them will have produced discovery. Accordingly, in no event should Ms. Popocol's and Mr. Desnoes' state law claims be dismissed.

 Finally, even if the Court grants Defendants' motion, it should not impose attorneys' fees and costs on Ms. Popocol or Mr. Desnoes. Fed. R. Civ. P. 41(b), under which Defendants move, there is no presumption of fee shifting. *Colella*, 2014 U.S. Dist. LEXIS 182551, at *24. For that reason alone, the Court need not grant fees and costs. Even under Fed. R. Civ. P. 37, an award of fees would be improper because it would be unjust. Fee shifting here – where Defendants seek to dismiss Opt-In Plaintiffs – could be contrary to the purpose of the FLSA. "Since the statute is designed to protect a vulnerable part of the work force, the court should be reluctant to punish individuals who initially decide to join and then back out." *Id.* Moreover, Ms. Popocol and Mr. Desnoes are likely "marginally solvent[.]" *Id.* at *23. The undersigned is not familiar with their exact financial condition, given their lack of communication. However, based on Defendants' document production, we believe that Mr. Desnoes still works for TXX.[2] Defendants produced pay records up to April 2017, and Mr. Desnoes' company appears in them. For the last four weeks reflected in the pay records, the net pay to Mr. Desnoes' company ranged from $382.80 to $539.20. If that is the sole source of Mr. Desnoes' earnings, then he clearly cannot afford to pay any part of Defendants' attorneys' fees. Thus, an award of attorneys' fees and costs would be manifestly unjust, particularly if Ms. Popocol and Mr. Desnoes are already subject to the harsh sanction of dismissal. *Id.* at *23-24.

 For the foregoing reasons, Defendants' motion should be denied. We thank the Court for its attention to this matter.

---

[2] It is our understanding that Ms. Popocol stopped working for TXX in or around 2013. We do not know whether she is currently employed or otherwise earning income.

3

                Respectfully submitted,

                Denise A. Schulman

cc: All Counsel (via ECF)