**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise A. Schulman
Josef Nussbaum
Lucas C. Buzzard

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.JK-LLP.com

November 27, 2017

**VIA ECF**

Hon. Steven I. Locke
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    Thomas v. TXX Services Inc.
              Case No. 13-cv-2789

Dear Judge Locke:

      We represent the Plaintiffs in the above-referenced action. I write in response to Defendants' letter dated November 21, 2017 seeking to compel production of Plaintiffs' income tax returns and bank statements. As set forth below, Defendants' request should be denied.

## I. Defendants are not entitled to Plaintiffs' income tax returns because they have failed to establish a compelling need for the returns

      In this Circuit, tax returns are discoverable only where "(1) the tax returns [are] relevant to the subject matter of the action, and (2) a compelling need . . . exist[s] because the information is not readily obtainable from a less intrusive source." *Sadofsky v. Fiesta Prods., LLC*, 252 F.R.D. 143, 149 (E.D.N.Y. 2008). Here, all the information Defendants say they seek from the tax returns is available from a less intrusive source.

      Plaintiffs' tax returns are minimally relevant, if at all. As one court in an FLSA action where the plaintiffs' income was, as here, reported on 1099s, explained:

> Nothing in the relevant factors under either the FLSA or the NYLL suggests that the worker's subjective perceptions are relevant. It would be a bold worker indeed who, notwithstanding the fact that she is paid as an independent contractor, nevertheless files her taxes as an employee, thereby exposing her employer to potential tax penalties. Finally, although workers are classified as either employees or independent contractors under both tax law and labor law, the definitions are not identical, and a worker could be properly classified as an employee for one purpose and an independent contractor for the other.

*Agerbrink v. Model Serv. LLC*, No. 14 Civ. 7841, 2017 U.S. Dist. LEXIS 33249, at *18-19 (S.D.N.Y. Mar. 8, 2017); *see also, e.g., Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901,

1

904 (S.D.N.Y. 2013) (stating that under the FLSA and NYLL, "it is not significant how the parties defined the employment relationship or how the worker identified herself on tax forms").

Even if the Court finds that the tax returns contain relevant information, Defendants cannot establish a compelling need for production of the returns because the information they seek is available from less intrusive sources. Defendants contend that the tax returns are relevant because they will show whether Plaintiffs classified themselves as employees or independent contractors on the return and whether they received tax benefits by claiming business deductions. (Defs.' Ltr. at 2-3.) Plaintiffs have offered to stipulate that they filed tax returns as independent contractors with respect to their work for TXX and claimed corresponding business deductions.[1] In other words, Plaintiffs are willing to admit the very facts that Defendants seek to establish. This admission is plainly less intrusive than production of the returns and precludes the finding of a compelling need for production of the returns. *See Agerbrink*, 2017 U.S. Dist. LEXIS 33249, at \*20 (finding no compelling need for discovery of tax returns where information about classification on the tax returns "may easily be obtained by interrogatory or deposition"). (Alternately, the Plaintiffs subject to discovery (the "Discovery Plaintiffs") could provide their classification and deduction status in response to an interrogatory or deposition question.)

Moreover, the Discovery Plaintiffs have already provided information regarding other sources of income in their interrogatory responses and by producing documents such as 1099s, paychecks, and invoices. *Agerbrink*, 2017 U.S. Dist. LEXIS 33249, at \*20 ("[I]nformation about other employment may be gleaned directly from the [plaintiffs] as well as from documents such as 1099 and W-2 forms. The defendants simply have not demonstrated that the tax returns – and only the tax returns – contain the potentially relevant information."); *see also, e.g., Raba v. Suozzi*, No. 06 Civ. 1109, 2007 U.S. Dist. LEXIS 1567 (E.D.N.Y. Jan. 9, 2007) (finding no compelling need for production of tax returns to establish additional sources of income because defendants could question plaintiffs about that issue at deposition). Accordingly, there is no compelling need for the Discovery Plaintiffs' tax returns, and Defendants' request to compel production of such returns should be denied.

## II. Defendants are not entitled to Plaintiffs' bank statements

Under Fed. R. Civ. P. 26(b)(1):

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Defendants' request for bank statements is not proportional to the needs of the case.

---

[1] Indeed, as the *Agerbrink* court noted, it would be highly surprising for an individual whose pay was reported on a 1099 to nonetheless claim to be an employee on his or her income tax return.

2

Defendants seek bank statements because they believe they will reflect Plaintiffs' income from TXX and/or other sources and payments made by Plaintiffs to individuals providing services to them. However, a great deal of discovery relating to these topics has already been exchanged by the parties, and Defendants can further probe these topics at deposition. In light of the sensitive and personal information contained Plaintiffs' bank statements – much of which does not reflect income Plaintiffs paid to or received from someone else – and the limited added value of the bank statements, discovery of the bank statements is not warranted.

Defendants have produced documents reflecting the weekly pay from TXX to the Discovery Plaintiffs' companies from some time in 2013 to April 2017. The Discovery Plaintiffs have produced the same types of documents, and many Discovery Plaintiffs have produced such documents for a longer period of time than Defendants have.[2] Thus, there is ample evidence of the amount of TXX's weekly payments to the Discovery Plaintiffs, which in any event are relevant to damages rather than to the liability and certification issues Defendants identify in their letter as justifying the production of bank statements.

The Discovery Plaintiffs have also responded to interrogatories regarding non-TXX sources of income and have produced documents regarding the same, such as paystubs, 1099s, and invoices. *See Bowerman v. Field Asset Servs.*, No. 13 CV 00057, 2013 U.S. Dist. LEXIS 163197, at *11 (N.D. Cal. Nov. 14, 2013) (declining to compel production of bank statements where information sought was available from other sources). 12 of the 22 Discovery Plaintiffs who responded to interrogatories stated that TXX was their sole source of earned income during the period when they worked for TXX. Thus, to the extent Defendants seek those individuals' bank statements to establish other sources of income, they are engaged in a fishing expedition. For the Discovery Plaintiffs who identified paid work other than TXX, it is the fact of such work rather than the compensation from it that is relevant to the independent contractor analysis. Similarly, for those Discovery Plaintiffs who identified, in response to interrogatories, individuals other than themselves who performed work for TXX under the Discovery Plaintiffs' business entities, it is the fact that such individuals performed work and the circumstances surrounding the work (such as how and why they were hired, TXX's role in authorizing them to work, the frequency of such work, etc.) that matter in the independent contractor analysis. Given the limited relevance of the amount of compensation Plaintiffs received from outside work or paid to others, the sensitive nature of bank statements, and the burden involved in attempting to collect bank statements for, in some cases, over 10 years, Defendants' request for bank statements is not proportional to the needs of the case. *See Family Wireless v. Auto. Techs., Inc.*, No. 15 CV 01310, 2016 U.S. Dist. LEXIS 91941, at *7-8 (D. Conn. July 15, 2016) (denying motion to compel production of bank statements).

For the foregoing reasons, we respectfully request that the Court deny Defendants' motion to compel.[3] We thank the Court for its attention to this matter.

---

[2] Some Discovery Plaintiffs have produced all or nearly all of these types of documents for the entire statute of limitations period.

[3] If the Court grants any part of Defendants' motion to compel, Plaintiffs should not be required to produce documents from any time when neither they nor their business entities performed work for Defendants, as such documents are not relevant to the issues in this case.

3

Respectfully submitted,

Denise A. Schulman

cc: All Counsel (via ECF)