| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK** | **CIVIL CONFERENCE**<br>**MINUTE ORDER** |
| BEFORE: STEVEN I. LOCKE<br>         U.S. MAGISTRATE JUDGE | DATE:  11/29/2017<br>TIME:   10:00 am |

CASE:  **CV 13-2789(SIL) Thomas et al v. TXX Services, Inc. et al**

TYPE OF CONFERENCE:   MOTION/STATUS   FTR: 10:14-10:44; 11:03-11:36

APPEARANCES:
   For Plaintiff:   Denise Schulman
                    Daniel Maimon Kirchenbaum


   For Defendant: Jeffrey Pagano
                   Ira Saxe


**THE FOLLOWING RULINGS WERE MADE:**

☒   Other: Defendants' motion to dismiss Plaintiffs Popocol and Desnoes, DE [230], from this case, or for a court order directing these Plaintiffs to respond to discovery, is granted in part and denied as part as follows for the reasons set forth on the record.  These Plaintiffs will respond to the outstanding discovery requests on or before December 13, 2017.  Plaintiffs are warned that a failure to respond may result in a dismissal of their FLSA claims pursuant to Fed. R. Civ. P. 41.

   Defendants' motion to compel production of tax returns and bank records, DE [231], is granted in part and denied in part for the reasons set forth on the record. Plaintiffs will produce their tax returns, but not bank statements for all years each Plaintiff is making a claim against Defendants.  It is the Court's conclusion that Defendants are entitled to explore how each Plaintiff conducted his or her business with respect to the applicable statutory factors for the independent contractor analysis under both federal and state law and that a stipulation on this point is insufficient.  In reaching this conclusion the Court relies on Judge Gold's reasoning as set forth on the record in Fernandez v. Kinray, 13-CV-4938 (Oct. 29, 2014), DE [213], the cases cited therein, Browning v. Ceva Greight, LLC, 885 F. Supp. 2d 590 (E.D.N.Y. 2012) and Deboissiere v. American Modification Agency, 09 CV 2316, 2010 WL 4340642 (E.D.N.Y. Oct. 22, 2010).  Specifically, the Court finds that the tax returns contain relevant information and their production are proportional to the needs to the case.  The production of the underlying bank statements, which Defendants characterize as the "supporting documents" to the tax returns are of limited value, especially given that there no basis for concluding that the tax returns are inaccurate, and their production is disproportionate to the needs of the case.  The tax returns will be maintained confidentially and used for the purpose of this litigation and no other purpose.

Plaintiffs' motion to compel, DE [229], is granted in part and denied in part for the reasons set forth on the record. The contracts at issue will be produced to Plaintiffs' counsel only on an attorneys' eyes only basis. These documents are supplied for counsel's consideration only and before being used further in this litigation the parties will meet and confer on their further use, and if an agreement cannot be reached, they will contact the Court for a ruling in accordance with the Court's individual rules.

Plaintiff's motion to substitute, DE [205], is granted on consent.

All documents addressed in this order will be produced (or IRS releases will be produced in order to obtain the responsive tax returns) on or before January 31, 2018.

**COURT APPEARANCES:**
The following conference(s) will be held in courtroom 820 of the Central Islip courthouse:

 3/28/18 at 10:00 am  : Status conference

SO ORDERED

 /s/Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge