UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

CECIL THOMAS AND JOHN DEAN, on :
behalf of themselves and all others similarly :
situated, :
                           :

              Plaintiffs, :

           -against- :      **Case 2:13-CV-02789-SIL**

TXX SERVICES, INC. and PATRICIA :
DOUGAN HUNT, :

            Defendants. :

-------------------------------------------------------- x

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OPT-IN PLAINTIFFS SOLOMON DESNOES AND ALMA POPOCOL

Jeffrey W. Pagano
TWOMEY, LATHAM, SHEA, KELLEY,
DUBIN & QUARTARARO, LLP
33 West Second Street
P.O. Box 9398
Riverhead, NY 11901
(631) 727-2180, ext. 205
(631) 727-1767 (fax)

Ira M. Saxe
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
(212) 223-4000
(212) 223-4134 (fax)

Attorneys for Defendants TXX
Services, Inc. and Patricia Hunt

## TABLE OF CONTENTS

**Page**

FACTUAL BACKGROUND .................................................................................................1

PROCEDURAL BACKGROUND ........................................................................................3

ARGUMENT .......................................................................................................................5

I.    The FLSA Claims for Failure to Participate in Discovery Asserted by Opt-In
      Plaintiffs Popocol and Desnoes Should be Dismissed With Prejudice.............................5

II.   The New York State Labor Law Claims Asserted by Desnoes and Popocol Should
      be Dismissed ..............................................................................................................7

III.  Additional Sanctions Are Appropriate in Light of the Failure of Desnoes and
      Popocol to Comply With the Court's Order ..................................................................10

CONCLUSION ....................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Colella v. New York City Transit Authority*,
 12 CV 6041, 2014 WL 7967835 (S.D.N.Y. Dec. 2, 2014) ........................................6

*Enriquez v. Cherry Hill Market Corp.*,
 CV 2010-5616, 2012 WL 6641650 (E.D.N.Y. Oct. 22, 2012) ....................................6, 8, 9, 10

*Hamelin v. Faxton St. Luke's Healthcare*,
 Civ. Action No. 5:08-CV-1219, 2010 WL 3430406, at *5 (N.D.N.Y. July 19,
 2010) ..............................................................................................................8

*Johnson v. Wave Comm GR LLC*,
 6:10-CV-346, 2013 WL 992511 (N.D.N.Y. Jan. 29, 2013) (adopted in 2013
 WL 992196 (N.D.N.Y. March 13, 2013)) .............................................................7, 8, 9

*LeSane v. Hall's Sec. Analyst, Inc.*,
 239 F.3d 206 (2d Cir. 2001) ...............................................................................5

*Morse v. Alpine Access, Inc.*,
 5:17-CV-235 (BKS/ATB), 2017 WL 5107744, *3 (N.D.N.Y, Sept. 26, 2017)
 (adopted by 2017 WL 5186464 (N.D.N.Y, Nov. 6, 2017)) ........................................9

*Ruiz v. Citibank, N.A.*,
 10 CV 5950, 10 CV 7304, 2014 WL 4635575 (S.D.N.Y. Aug. 19, 2014) ......................6, 8, 9

*Seever v. Carrols Corp*,
 528 F. Supp. 2d 159 (W.D.N.Y. 2007) .................................................................8, 9

*World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*,
 694 F.3d 155 (2d Cir. 2012) ...............................................................................5

**Statutes**

Fair Labor Standards Act of 1938 ..............................................................................*passim*

New York Labor Law §§ 650 *et seq* .........................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 23 ................................................................................................1, 9

Fed. R. Civ. P. 33 ................................................................................................5

Fed. R. Civ. P. 34 ................................................................................................5

Fed. R. Civ. P. 37 ............................................................................................................... 5, 8

Fed. R. Civ. P. 37(b)(2) ...................................................................................................... 1, 5

Fed. R. Civ. P. 37(b)(2)(A) .................................................................................................... 11

Fed. R. Civ. P. 37(b)(2)(A)(v) ................................................................................................. 5

Fed. R. Civ. P. 37(b)(2)(C) ..................................................................................................... 11

Fed. R. Civ. P. 37(d) ........................................................................................................ 7, 10

Fed. R. Civ. P. 37(d)(3) ......................................................................................................... 11

Fed. R. Civ. P. 41 ......................................................................................................... 3, 4, 5, 7

Fed. R. Civ. P. 41(b) ............................................................................................. 1, 3, 5, 7, 8, 10

Defendants TXX Services, Inc. ("TXX") and Patricia Hunt (collectively, "Defendants") respectfully request, for the reasons stated below, an order pursuant to Rule 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure dismissing Opt-in Plaintiffs Solomon Desnoes ("Desnoes") and Alma Popocol ("Popocol"). In short, Popocol and Desnoes should be dismissed from this action, with prejudice in connection with their claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and with or without prejudice in connection with their claims under the New York Labor Law §§ 650 *et seq.* ("NYLL") for failure to participate in discovery in this action, in direct violation of the Court's Order, dated November 29, 2017 [Dkt. 235].

## FACTUAL BACKGROUND

Plaintiffs Cecil Thomas and John Dean commenced this wage and hour lawsuit by filing a Complaint, FLSA Collective Action and Rule 23 Class Action ("Complaint") on May 9, 2013 [Dkt. 1].[1] The Complaint alleges that Plaintiffs were employees of TXX and seeks allegedly unpaid minimum wages, overtime compensation and other relief under the FLSA and the NYLL. Plaintiffs seek to assert their claims on behalf of themselves and a putative class and collective said to include all other "TXX drivers, couriers and delivery drivers" in the applicable geographic area during the applicable time period. Defendants deny the allegations asserted by Plaintiffs on numerous grounds, including but not limited to the fact that Plaintiffs were never employed by Defendants, or by either of them. Instead, Plaintiffs were, at all relevant times, representatives of

---

[1]      A true and correct copy of the Complaint, FLSA Collective Action and Rule 23 Class Action is annexed as Exhibit A to the Declaration of Jeffrey W. Pagano, dated April 9, 2018, filed herewith ("Pagano Declaration").

1

owner/operator business entities which were brokered by TXX to provide transportation services for TXX's customers.

At the time of the commencement of this lawsuit, Desnoes and Popocol each signed Consents to Sue Under Federal Fair Labor Standards Act ("Consents") in order "to be a plaintiff in an action to collect unpaid wages," dated May 10, 2013 and May 5, 2012 [sic] [Dkt. Nos. 12, 25].[2] They were also each among the twenty (20) individuals, in addition to Plaintiffs' declarants, selected by Defendants to participate in the initial round of discovery pursuant to the Court's March 1, 2017 Order [Dkt. No. 182].   TXX served production requests, interrogatories, and subpoenas to produce documents directed to their vendor business entities ("Discovery Requests") upon them, through Plaintiffs' counsel, by hand, on April 19, 2017.

Desnoes and Popocol both failed to respond to the Discovery Requests.  Instead, Plaintiffs' counsel served Responses and Objections on their behalf, dated August 18, 2017, which contained objections but no responses.[3]   Plaintiffs' counsel represents that, after they "made multiple phone calls and sent letters to Ms. Popocol and Mr. Desnoes in an attempt to obtain their discovery responses," their "efforts have been unsuccessful."[4]  No excuse, justification or reason for this refusal to respond was offered.

---

[2]      A true and correct copy of the Consents to Sue Under Federal Fair Labor Standards Act are annexed as Exhibit B to the Pagano Declaration.

[3]      A true and correct copy of the Responses and Objections are annexed as Exhibits B and C to Defendants' November 21, 2017 Letter Motion to the Court [Dkt. 230] ("Def. Letter Motion"), which is annexed as Exhibit C to the Pagano Declaration.

[4]      A true and correct copy of letter to the Court from Plaintiffs' counsel in response to Defendants' Letter Motion, dated November 27, 2017 [Dkt. 232], is annexed as Exhibit D to the Pagano Declaration.

(continued...)

## PROCEDURAL BACKGROUND

Following unsuccessful efforts to resolve this matter through the meet and confer process, Defendants filed their Letter Motion to Dismiss Desnoes and Popocol, dated November 21, 2017 [Dkt. 230].[5] Plaintiffs opposed this Letter Motion with their own letter to the Court, dated November 27, 2017 [Dkt. 232].[6] The Court heard argument on that Letter Motion at the Conference conducted in this action on November 27, 2017. As a result, the Court ruled as follows, as reflected in the Civil Conference Minute Order, dated November 29, 2017 [Dkt. 235] ("Order"):

> Defendants' motion to dismiss Plaintiffs Popocol and Desnoes, DE [230], from this case, or for a court order directing these Plaintiffs to respond to discovery, is granted in part and denied as part as follows for the reasons set forth on the record. These Plaintiffs will respond to the outstanding discovery requests on or before December 13, 2017. Plaintiffs are warned that a failure to respond may result in a dismissal of their FLSA claims pursuant to Fed. R. Civ. P. 41.[7]

As stated in Fed. R. Civ. P. 41(b), "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits." The Order provided no indication that the Rule 41 dismissal contemplated therein would constitute anything other than an "adjudication on the merits," or in other words, a dismissal with prejudice.

---

[5]     Pagano Declaration Exhibit C.

[6]     Pagano Declaration Exhibit D.

[7]     A true and correct copy of the Civil Conference Minute Order, dated November 29, 2017 [Dkt. 235], is annexed as Exhibit E to the Pagano Declaration.

Desnoes and Popocol have not complied with the Order even though, as counsel for Plaintiffs notified the Court at the November 29, 2017 Conference, Popocol contacted their office follow the filing of Defendants' Letter Motion.

Counsel for Defendants attempted, unsuccessfully, to resolve the matter without judicial intervention. In light of the failure of Desnoes and Popocol to comply with the Court's Order, Defendants' counsel requested, by January 3, 2018 email to Plaintiffs' counsel, that they "consent to the dismissal of the claims asserted by them in this action under the [FLSA] with prejudice," and to the dismissal of their NYLL claims. Plaintiffs' counsel responded, by email on January 9, 2018, that they "cannot consent to this," but "would consent to a dismissal of Desnoes' and Popocol's claims without prejudice." In response, Defendants' counsel inquired, by email, on January 9, 2018, whether Plaintiffs would "consent to a dismissal with prejudice of Desnoes' and Popocol's claims under the FLSA, and dismissal of their claims under the New York Labor Law without prejudice," and offered to discuss the matter. Plaintiffs' counsel responded as follows:

> I can't consent to that without Desnoes' and Popocol's okay, which I don't have, and I don't think I can get it. However, given their non-responsiveness over the last several months, I think that if their claims are dismissed without prejudice it is highly unlikely that they would take the initiative to attempt to reassert their FLSA claims in a separate action, making a dismissal without prejudice very low risk for your clients.[8]

Thus, notwithstanding the unambiguous statement in the Court's Order warning Desnoes and Popocol "that a failure to respond may result in a dismissal of their FLSA claims pursuant to Fed. R. Civ. P. 41," in essence that the dismissal would be with prejudice, and case law supporting such relief, Plaintiffs declined Defendants' request. In so doing, they chose not to save the Court and

---

[8]       A true and correct copy of this January 3 and 9, 2018 email exchange is annexed as Exhibit F to the Pagano Declaration.

4

the parties the effort reflected in the instant Motion by consenting to appropriate relief sought herein, specifically dismissal of the FLSA claims with prejudice or the dismissal of the NYLL claims without prejudice.  The instant Motion follows.

## ARGUMENT

I.   **The FLSA Claims for Failure to Participate in Discovery Asserted by Opt-In Plaintiffs Popocol and Desnoes Should be Dismissed With Prejudice**

Dismissal with prejudice is the appropriate sanction under Fed. Civ. P. 37 and 41 where plaintiffs filing consents in FLSA collective actions fail to respond to discovery requests. Under Fed. R. Civ. P. 37(d)(2), sanctions, including but not limited to dismissal pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), are appropriate where "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections or a written response."  When exercising discretion pursuant to Rule 37, district courts in the Second Circuit are guided by the following factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of ... noncompliance."  *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012).

Likewise, Fed. R. Civ. P. 41(b) authorizes involuntary dismissal where "the plaintiff fails to prosecute or to comply with [the FRCP] or a court order."  Such dismissal order, with exceptions not relevant here, "operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  When considering dismissal under Rule 41(b), district courts in this Circuit look to a set of factors parallel to those used for Rule 37 sanctions, as follows: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] ... [consideration of] the

balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, ... and [5] ... the efficacy of lesser sanctions." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

District Courts in the Second Circuit regularly exercise their broad discretion to apply this sanction for plaintiffs' failures to fulfill their discovery responsibilities. In particular, such District Courts routinely order dismissal **with prejudice** of a plaintiff's FLSA claims where the plaintiff fails to participate in discovery. For example, in *Enriquez v. Cherry Hill Market Corp.*, CV 2010-5616, 2012 WL 6641650, *2 (E.D.N.Y. Oct. 22, 2012), the Magistrate Judge recommended, and the District Judge later ordered, the dismissal of the FLSA claims asserted by opt-in plaintiffs for failure to participate in discovery. In doing so, the Court recognized that "plaintiffs have certain discovery obligations as a result of their affirmative opting-in to this action." *Id.* at *2. Similarly, in *Colella v. New York City Transit Authority*, 12 CV 6041, 2014 WL 7967835, *2-4 (S.D.N.Y. Dec. 2, 2014), the Magistrate Judge recommended, and the District Judge later ordered, that opt-in plaintiffs be dismissed with prejudice for failure to respond to discovery. *See also Ruiz v. Citibank, N.A.*, 10 CV 5950, 10 CV 7304, 2014 WL 4635575, *2-4 (S.D.N.Y. Aug. 19, 2014) (dismissing opt-in plaintiffs' FLSA claims, with prejudice, for failure to respond to discovery).

Desnoes and Popocol have refused, at every turn, to fulfill their responsibilities as parties to respond to the Discovery Requests, propounded to them nearly a year ago, regarding the claims that they purport to assert. Specifically, they have brazenly, and willfully, without reason or excuse, failed to produce documents or respond to interrogatories when (i) they were initially served on April 19, 2017; (ii) through Defendants' efforts to meet and confer with their counsel in order to obtain responses; (iii) following the Court's Order compelling them to do so, and

6

(iv) through Defendants' subsequent, post-Order meet and confer efforts. Desnoes and Popocol were warned, in the Court's Order, "that a failure to respond may result in a dismissal of their FLSA claims pursuant to Fed. R. Civ. P. 41."[9]  Under Rule 41(b), this is tantamount to a dismissal with prejudice. In light of their refusal to comply with this Court's Order, and the failure or inability of their counsel to offer any excuse or explanation, lesser sanctions would certainly not be successful. The due process rights of Desnoes and Popocol have been well protected through the many efforts described above, providing them opportunity after opportunity to comply with their obligations.

For these reasons, Defendants respectfully request, as a result of this blanket failure to participate in discovery, and the resulting unfair prejudice to Defendants, that the Court dismiss Desnoes' and Popocol's claims under the FLSA, with prejudice, pursuant to Fed. R. Civ. P. 37(b)(2) and 41(b).

## II.     The New York State Labor Law Claims Asserted by Desnoes and Popocol Should be Dismissed

The claims asserted by Desnoes and Popocol under the NYLL should also be dismissed as the result of their refusal to participate in discovery, which has been willful, without justification, persistent and long standing.

Federal courts in New York State have granted such complete dismissals under these circumstances in connection with NYLL claims. For example, in *Johnson v. Wave Comm GR LLC*, 6:10-CV-346, 2013 WL 992511 (N.D.N.Y. Jan. 29, 2013) (adopted in 2013 WL 992196 (N.D.N.Y. March 13, 2013)), the Magistrate Judge recommended dismissal of certain opt-in plaintiffs' FLSA claims *as well as* their NYLL claims based on the plaintiffs' failure to participate

---

[9]     Order, Pagano Declaration Exhibit E.

in FLSA discovery.  The Court observed that plaintiffs' failure to participate in discovery "prejudiced not only the defendants in their ability to mount a timely and cost-effective defense to the action, but also the other plaintiffs by delaying their action for civil relief." *Id.* at *4.  The Court also noted that plaintiffs had been warned that their claims may be dismissed for failure to participate in discovery, and that plaintiffs' failure was completely without justification. *Id.*[10]

Similarly, in *Seever v. Carrols Corp*, 528 F. Supp. 2d 159, 165-66, 174 (W.D.N.Y. 2007), the Court dismissed *all* of the claims, *with prejudice*, of two (2) plaintiffs who had failed to participate in discovery despite a warning that such failure may lead to dismissal of their claims. The *Seever* Court concluded that this complete dismissal was appropriate under both Fed. R. Civ. P. 37 and 41(b).

Plaintiffs will likely argue that dismissal of the NYLL claims asserted on behalf of Desnoes and Popocol is overly harsh, despite their admitted and blatant failure to comply with this Court's Order.  They will assert that in some cases, such as *Enriquez* and *Ruiz*, *supra*, the Courts dismissed only the plaintiffs' FLSA claims, and not their NYLL claims.  In those cases, however, the reasons for plaintiffs' failure to participate in discovery made dismissal of their NYLL claims inappropriate.  In *Enriquez*, the plaintiffs stated that they refused to participate in discovery "due to fear of retaliation by defendants."  2012 WL 6641650 at *2.  As the *Enriquez* Court noted, plaintiffs "are often reluctant to act affirmatively and opt-in to an action against their employer," and their dismissal for failure to participate in discovery, an obligation only imposed as a result of their opting in under the FLSA, did not warrant dismissal of their state law claims.  Similarly, *Ruiz*

---

10      *Accord Hamelin v. Faxton St. Luke's Healthcare*, Civ. Action No. 5:08-CV-1219, 2010 WL 3430406, at *5  (N.D.N.Y. July 19, 2010) (see Class Action Complaint and Demand for Trial, *Hamelin* Dkt. 1, paras. 105-06, asserting claims under the NYLL) (recommending the dismissal of the unresponsive opt-in plaintiffs "subject to their right, should class certification be GRANTED, to participate as class members in the action if deemed appropriate by the court").

cited to *Enriquez* and noted the unique burdens imposed on FLSA opt-in plaintiffs. 2014 WL 4635575 at *4.

In sharp contrast, however, Desnoes and Popocol's failure to respond to discovery is wholly unrelated to any fear of retaliation. Rather, they failed to respond to discovery because they are completely absent from this lawsuit, and any relationship with Defendants. Desnoes has apparently been unreachable, even by his own counsel, for almost an entire year, while Defendants' discovery requests were pending. Popocol contacted her counsel months ago but still refused to provide discovery responses. It is readily apparent that this singular contact is insufficient to allow Popocol to participate in this lawsuit. This failure to provide any sort of explanation justifies complete dismissal of their NYLL claims, as well as those asserted under the FLSA. *See Seever*, 528 F. Supp. 2d at 165-66, 174 (dismissing plaintiffs' FLSA and state law claims with prejudice where they never submitted affidavits explaining their discovery failures or responded to defendant's motion to dismiss, despite being warned that failure to respond to discovery could lead to the dismissal of their claims).[11]

Allowing individuals known to be unavailable for discovery in connection with the FLSA claim, despite an express Order from the Court, to nevertheless assert NYLL claims against Defendants effectively shields them from any possible defense inquiry, and would be unfairly prejudicial to Defendants. Should this Court certify a class under Fed. R. Civ. P. 23 in connection

---

[11]     Other courts dismiss plaintiffs' state law claims without prejudice, potentially allowing them to participate as class members if the class is certified; *see also Morse v. Alpine Access, Inc.*, 5:17-CV-0235, 2017 WL 5107744, *3 (N.D.N.Y, Sept. 26, 2017) (adopted by 2017 WL 5186464 (N.D.N.Y, Nov. 6, 2017)) (dismissing FLSA and state law claims where plaintiff failed to respond to discovery, subject to plaintiff's ability to participate as a class member in the event a class were certified with regard to state law claims "to the extent the Court deems appropriate"); *Johnson*, 2013 WL 992511 at *5 (dismissing plaintiffs' FLSA and state law claims, subject to plaintiffs' ability to participate as absent class members, "to the extent the court deems appropriate," in the event of class certification).

with the NYLL claim including them, the defense would be deprived of an opportunity for any discovery, as they are said to be unreachable. Worse, Desnoes and Popocol would be rewarded for their inappropriate and disrespectful conduct and, perhaps, attempt at gamesmanship. With no aspersions cast on opposing counsel, to allow plaintiffs the opportunity to shield themselves from selected subjects of discovery in this manner, while permitting them to maintain NYLL claims, with their longer statute of limitations, invites potential manipulation and discovery abuse.

There is no danger of fear or retaliation, as in *Enriquez,* because Desnoes and Popocol have, apparently, absented themselves from any involvement in this matter, or with Defendants. Their continued participation in this case, or the ability to somehow reappear in it with neither excuse nor valid explanation, would only exacerbate the problems their failure to respond has already caused, including: (1) delay; (2) increased costs to *both* Defendants and the other Plaintiffs; (3) the requirement of repeated Court intervention; and (4) prejudice to Defendants' ability to defend themselves.

To make this request even more compelling, counsel for Plaintiffs advised the Court at the November 29, 2017 Conference that Popocol reached out to their office after Defendants filed their initial Letter Motion to Dismiss. Nevertheless, Popocol still refused to comply with her discovery obligations and has now ignored a Court Order. The only conclusion that can be reached is that Popocol has no place in this litigation.

III.    **Additional Sanctions Are Appropriate in Light of the Failure of Desnoes and Popocol to Comply With the Court's Order**

In light of the conduct at issue, the payment of Defendants' recoverable expenses, including attorney's fees, on this Motion is warranted pursuant to the Federal Rules of Civil

Procedure.  Fed. R. Civ. P. 37(b)(2)(C), relating to the failure to comply with a Court order, provides as follows:

> Instead of or in addition to the orders [of Fed. R. Civ. P. 37(b)(2)(A)] above, the court must order the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances made an award unjust.

Likewise, Fed. R. Civ. P. 37(d)(3) states as follows:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i) — (vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Neither Desnoes nor Popocol, satisfies the exception to the award of sanctions.

For all the reasons stated above, the blatant disregard of this Court's Order by Desnoes and Popocol was not justified, substantially or otherwise.  No circumstances rendering an award of expenses unjust have been identified.  Likewise, the refusal of Plaintiffs' counsel to agree, in the meet and confer process, to the relief sought in the instant Motion renders the exception to Rule 37(b)(2)(A) inapplicable.   Defendants' counsel presented Plaintiffs' counsel with the applicable authority, in their Letter Motion (Pagano Declaration Exhibit C), demonstrating that the FLSA claims should be dismissed with prejudice and their NYLL claims dismissed without prejudice.  Plaintiffs' counsel failed to agree to this appropriate resolution, putting Defendants to the expense of asserting the instant Motion.

## CONCLUSION

For the foregoing reasons, Opt-In Plaintiffs Solomon Desnoes and Alma Popocol have failed to fulfill their obligation to participate in discovery in this action, despite the Court's Order compelling them to do so.  Accordingly, Defendants respectfully request that the Court grant

their Motion to Dismiss in its entirety, including the dismissal of their claims under the FLSA with

prejudice.   Defendants further respectfully request that the Court award Defendants' reasonable

expenses, including attorney's fees, in accordance with Rules 37(b)(2)(C) and 37(d)(3) of the

Federal Rules of Civil Procedure.

Dated: April 9, 2018
      Riverhead, New York

                                       Respectfully submitted,

                                       TWOMEY, LATHAM, SHEA, KELLEY,
                                       DUBIN & QUARTARARO, LLP

                                       By:
                                            Jeffrey W. Pagano

                                       33 West Second Street
                                       P.O. Box 9398
                                       Riverhead, NY 11901
                                       (631) 727-2180, ext. 205
                                       (631) 727-1767 (fax)

                                       Ira M. Saxe
                                       CROWELL & MORING LLP
                                       590 Madison Avenue, 20th Floor
                                       New York, New York 10022
                                       (212) 223-4000
                                       (212) 223-4134 (fax)

                                       Attorneys for Defendants TXX Services,
                                       Inc. and Patricia Hunt

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within DEFENDANTS' NOTICE OF MOTION TO DISMISS OPT-IN PLAINTIFFS SOLOMON DESNOES AND ALMA POPOCOL was served on April 9, 2018 by overnight courier to Plaintiffs' following attorneys of record listed below:

> Denise Schulman, Esq.
> JOSEPH & KIRSCHENBAUM LLP
> 32 Broadway, Suite 601
> New York, NY 10004
>
> Douglas Weiner, Esq.
> Lipman & Plesur, LLP
> Jericho Atrium
> 500 North Broadway #105
> Jericho, NY 11753

Dated: April 9, 2018
      Riverhead, New York

                                           Brenda Rupp