UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
CECIL THOMAS AND JOHN DEAN, on
behalf of themselves and all others similarly
situated,

               Plaintiffs,

     -against-                         Case 2:13-CV-02789-SIL

TXX SERVICES, INC. and PATRICIA
DOUGAN HUNT,

               Defendants.
----------------------------------------------------------- x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS OPT-IN PLAINTIFFS SOLOMON DESNOES AND ALMA POPOCOL

Jeffrey W. Pagano
TWOMEY, LATHAM, SHEA, KELLEY,
DUBIN & QUARTARARO, LLP
33 West Second Street
P.O. Box 9398
Riverhead, NY 11901
(631) 727-2180, ext. 205
(631) 727-1767 (fax)

Ira M. Saxe
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, New York 10022
(212) 223-4000
(212) 223-4134 (fax)

Attorneys for Defendants TXX
Services, Inc. and Patricia Hunt

# TABLE OF CONTENTS

Page

A. Popocol's and Desnoes' NYLL Claims Should Be Dismissed With Prejudice ..............1

B. Defendants are Entitled to Recover the Attorney's Fees Incurred as a Result of Popocol and Desnoes' Willful Failure to Participate in Discovery ..................................6

C. Conclusion .......................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brennan v. Midwestern United Life Ins. Co.,*
450 F.2d 999 (7th Cir. 1971) ................................................................................................. 6

*Dellums v. Powell,*
566 F.2d 231 (D.C. Cir. 1977) .............................................................................................. 5

*In re Doria/Memon Disc. Sores Wage & Hour Litig.,*
No. 14 Civ. 7990, 2018 U.S. Dist. LEXIS 42854 (S.D.N.Y. Mar. 15, 2018) ................. 4, 7

*Enriquez v. Cherry Hill Mkt. Corp.,*
No. 10 CV 5616, 2012 WL 6641650 ................................................................................ 4, 5

*Hamelin v. Faxton St. Luke's Healthcare,*
Civ. Action No. 5:08-CV-1219, 2010 WL 3430406 (N.D.N.Y. July 19, 2010) ................... 3

*Hinterberger v. Catholic Health System, Inc.,*
2013 WL 2250584 (W.D.N.Y. May 21, 2013) ..................................................................... 6

*Johnson v. Wave Comm GR LLC,*
6:10-CV-346, 2013 WL 992511 (N.D.N.Y. Jan. 29, 2013) (adopted in 2013
WL 992196 (N.D.N.Y. March 13, 2013)) ............................................................................ 3

*Roadway Exp., Inc. v. Piper,*
447 U.S. 752 (1980) ............................................................................................................... 7

*Seever v. Carrols Corp,*
528 F. Supp. 2d 159 (W.D.N.Y. 2007) ............................................................................ 3, 4

**Statutes**

Fair Labor Standards Act ............................................................................................... *passim*

New York Labor Law §§ 650 *et seq.* ............................................................................... 1, 2, 3

**Other Authorities**

Fed. R.Civ. P. 23 ................................................................................................................ 5, 6

Fed. R.Civ. P. 37 ............................................................................................................ 2, 4, 7

Fed. R.Civ. P. 41 ............................................................................................................ 2, 4, 7

Fed. R.Civ. P. 37(b)(2)(A) ...................................................................................................... 6

Fed. R.Civ. P. 37(b)(2)(C) ................................................................................................7, 9

Fed. R.Civ. P. 37(d)(3) ................................................................................................6, 7, 9

At the outset, it is important to note the subjects not in dispute in the instant Motion. Plaintiffs do not challenge Defendants' position that the Fair Labor Standards Act ("FLSA") claims of Alma Popocol ("Popocol") and Salomon Desnoes ("Desnoes") are properly dismissed with prejudice. They basically acknowledge as well that the claims of these two opt-in plaintiffs under the New York Labor Law ("NYLL") are subject to dismissal, but ask that "such dismissal should be without prejudice." Plaintiffs' Opposition ("Opp.") at p. 1. Plaintiffs readily admit that Popocol and Desnoes failed to respond to discovery, disobeyed the November 29, 2017 Order of this Court [Dkt. 235] directing them to do so, and have so utterly abandoned this lawsuit that their own attorneys cannot reach them despite months of trying.

In their Opposition, Plaintiffs assert two (2) basic arguments: (1) that Desnoes and Popocol's NYLL claims should not be dismissed; and (2) that attorney's fees and costs should not be awarded despite their failure to comply with the Court's Order. Neither of Plaintiffs' arguments have merit. Popocol and Desnoes' actions have deprived Defendants of receiving discovery, cost Defendants considerable time and expense, delayed this lawsuit to the prejudice of both Plaintiffs and Defendants, and wasted the Court's resources. Yet, Plaintiffs contend, they should experience no meaningful consequences for these repeated and willful actions. This position should be rejected. There is simply no reasonable basis for allowing these opt-in plaintiffs to remain in a lawsuit they have completely abandoned, nor should they be allowed to disregard the Court's Order with impunity.

### A. Popocol's and Desnoes' NYLL Claims Should Be Dismissed With Prejudice

Desnoes and Popocol signed Consents to Sue Under Federal Fair Labor Standards Act ("Consents"), voluntarily injecting themselves into this lawsuit. April 9, 2018 Pagano Decl., Ex. B. As a result, they were obligated to respond to Defendants' discovery requests. They did not

1

do so. As Plaintiffs' counsel acknowledges in this Opposition, they were unable to reach Desnoes and Popocol. Opp. at pp. 2-3. In fact, Plaintiffs' counsel report that they made "at least 56" phone calls to each, mailed them nine (9) letters (four (4) to Popocol and five (5) to Desnoes), and repeatedly emailed them. *Id.* Plaintiffs' counsel scheduled meetings with Popocol, but Popocol failed to show up. *Id.*

This failure to respond forced Defendants to come before this Court and obtain an Order, dated November 29, 2017, directing Plaintiffs to respond to discovery. [Dkt. 235.] In that Order, the Court warned Popocol and Desnoes that failure to respond to discovery would result in the dismissal of their FLSA claims. *Id.* Blatantly ignoring that Order, Popocol and Desnoes have now failed to respond to discovery for nearly a year.

In their Opposition, Plaintiffs notably do not dispute that Popocol and Desnoes' conduct would ordinarily justify dismissal under Rules 37 or 41. Rather, Plaintiffs try to get by on a technicality. Because Desnoes and Popocol failed to respond to FLSA discovery, Plaintiffs reason, dismissal should be limited to their FLSA claims. Plaintiffs contend that this position is supported by the "overwhelming weight of authority in FLSA/NYLL collective/class actions[.]" Opp. at p. 3. Citing these cases, Plaintiffs contend that "Defendants will be in the same position with respect to Ms. Popocol and Mr. Desnoes as they are to all absent class members, in that none of them would have produced discovery." Opp. at p. 5. But Plaintiffs miss a crucial distinction critical to the time-honored system by which litigants seek justice under our judicial system. Popocol and Desnoes are the two only (2) putative class members who, to date, have ignored a Court order and attempted to game the system by nevertheless remaining in this action. Their actions are not the same as the other putative class members, and they should not be treated the same. This abhorrent conduct should not be rewarded.

2

Plaintiffs ignore, in attempting to downplay the extent of the prejudice to Defendants, the nature of their independent contractor misclassification claims. Plaintiffs contend that all opt-in plaintiffs, and all members of the putative class, are employees and that their claims are subject to collective action and class action treatment. Defendants are vigorously opposing these contentions, and are entitled to the discovery that they seek in order to do so. Out of the 103 opt-in Plaintiffs who signed Consents, Defendants chose to focus initially on twenty-five (25) individuals for discovery, and two (2) of them were Popocol and Desnoes. This was not a random selection. Defendants had strategic reasons for selecting certain otp-in plaintiffs from whom to obtain discovery, and were entitled to elicit the favorable evidence in their possession. The games being played here seek to deprive Defendants of that opportunity, and provide Plaintiffs a decisive strategic advantage in that testimony favorable for Defendants is now being suppressed. Popocol and Desnoes should not be rewarded, and others should not be allowed to follow their path, by being permitted to remain in this action in any manner.

Numerous federal courts have held that dismissal of plaintiffs' NYLL claims is appropriate where they fail to respond to discovery. *See, e.g., Johnson v. Wave Comm GR LLC*, 6:10-CV-346, 2013 WL 992511 (N.D.N.Y. Jan. 29, 2013) (adopted in 2013 WL 992196 (N.D.N.Y. March 13, 2013)) (recommending dismissal of certain opt-in plaintiffs' FLSA claims *as well as* their NYLL claims based on the plaintiffs' failure to participate in FLSA discovery.); *Hamelin v. Faxton St. Luke's Healthcare*, Civ. Action No. 5:08-CV-1219, 2010 WL 3430406, at *5 (N.D.N.Y. July 19, 2010) (see Class Action Complaint and Demand for Trial, Hamelin Dkt. 1, paras. 105-06, asserting claims under the NYLL) (recommending the dismissal of the unresponsive opt-in plaintiffs "subject to their right, should class certification be GRANTED, to participate as class members in the action if deemed appropriate by the court"); *Seever v. Carrols*

3

*Corp*, 528 F. Supp. 2d 159, 165-66, 174 (W.D.N.Y. 2007) (dismissing plaintiffs' FLSA and state law claims *with prejudice*). In fact, Plaintiffs themselves cite *more* cases where the court found dismissal of state law claims appropriate than cases where dismissal was limited to FLSA claims. *See* Opp. at pp. 3-4.

More importantly, Plaintiffs' argument misses the mark because they ignore *why* dismissal has sometimes been limited to an opt-in plaintiff's FLSA claims. As Defendants noted in their moving Memorandum, and as Plaintiffs tellingly failed to address in their Opposition, courts have limited dismissal to FLSA claims in cases where plaintiffs have refused to respond to discovery "due to fear of retaliation by defendants." *Enriquez v. Cherry Hill Mkt. Corp.*, No. 10 CV 5616, 2012 WL 6641650, *2 (E.D.N.Y. Oct. 22, 2012). Because that concern is specific to a plaintiff's FLSA claims, some courts reason, the dismissal should be limited accordingly. In other words, courts treat this fear of reprisal as a form of justification that counsels against stronger sanctions. Yet none of the cases cited by Plaintiffs in support of their position involved independent contractor claims.

For example, Plaintiffs cite *In re Doria/Memon Disc. Stores Wage & Hour Litig.*, No. 14 Civ. 7990, 2018 U.S. Dist. LEXIS 42854 (S.D.N.Y. Mar. 15, 2018), as a case where dismissal was limited to the plaintiffs' FLSA claims. As in *Enriquez*, the plaintiffs there claimed they had been the "victims of an intimidation campaign" by defendants. *Id.* at *7. One of the plaintiffs had even furnished discovery responses, albeit belated ones. *Id.* Accordingly, the court applied *Enriquez* and limited dismissal to plaintiffs' FLSA claims. *Id.*

But, where a plaintiff simply refuses to comply with discovery despite a court order, provides no reason for this failure, and fails to even respond to the potential dismissal of their claims, dismissal with prejudice is the appropriate sanction under FRCP 37 and 41. *See Seever*,

528 F. Supp. 2d at 165-66 (dismissing plaintiffs' FLSA and state law claims, with prejudice, where plaintiffs had not "attempted to cure their failure to comply with discovery orders, submitted a responding affidavit, or otherwise opposed the motions to dismiss, despite the manifest danger that their failure to do so could result in dismissal of their claims").

No such fear of reprisal or intimidation is possible here, with Popocol and Desnoes long out of the picture. Neither has provided *any* justification for their failures to respond to discovery, let alone express any fear of retaliation by Defendants. Their own attorneys cannot reach them. They presumably understood the danger that their claims would be dismissed, and chose to ignore that consequence. They have wasted the parties' time and the Court's resources, caused prejudice to the parties by delaying the action and denying Defendants necessary discovery, and there is every indication they will continue to do so if they remain a part of this lawsuit. In short, their failure to respond to discovery has nothing to do with the unique aspects of FLSA discovery or the opt-in process noted in *Enriquez*. There is no danger that dismissing their claims will somehow deter future plaintiffs from bringing FLSA claims, and Plaintiffs make no argument that it would. Accordingly, there is no reason to provide Desnoes and Popocol special treatment and allow them to evade what would otherwise be the natural consequences of their actions – dismissal. All of Desnoes' and Popocol's claims should be dismissed, with prejudice.

A great irony in Plaintiff's opposition is its avoidance of the well-settled proposition that federal courts have no reluctance to dismiss, with prejudice, class action representatives or class members in Rule 23 class actions as a result of their failure to participate in discovery. *See, e.g., Dellums v. Powell*, 566 F.2d 231, 236 (D.C. Cir. 1977) (dismissal of class representative for failure to respond to interrogatories served on him was appropriate, and the district court abused

its discretion by reinstating the plaintiff as a class member following judgment); *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1005-06 (7th Cir. 1971) (affirming dismissal of claims of absent class members in Rule 23 class action for failure to respond to discovery relating to defendants' defenses, not just alleged damages). The presence of a FLSA claim, along with a claim potentially subject to Rule 23, should not shield the blatant abuses demonstrated by Popocol and Desnoes.

      **B.**    **Defendants are Entitled to Recover the Attorney's Fees Incurred as a Result of Popocol and Desnoes' <u>Willful Failure to Participate in Discovery</u>**

Rule 37(d)(3) of the Federal Rules of Civil Procedure is clear:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i) — (vi). Instead of or in addition to these sanctions, **the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure**, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

(emphasis added); *see also Hinterberger v. Catholic Health System, Inc.*, 2013 WL 2250584, *2 (W.D.N.Y. May 21, 2013) (awarding defendant attorney's fees after plaintiffs failed to respond to FLSA discovery).

There is no reason to question the efforts of Plaintiffs' counsel to obtain responses from Desnoes and Popocol. Their various attempts only render the conduct of these opt-in plaintiffs more egregious. Plaintiffs do not argue that Desnoes or Popocol's conduct was justified, but assert that "it would be unjust to impose" sanctions on them. No excuse whatsoever is provided for their failure to respond to discovery for nearly a year, their failure to comply with a Court order, or their failure to even respond to their own counsel's inquiries. Rather, Plaintiffs contend that it would be "unjust" to require Desnoes and Popocol to make restitution for the time and money they have forced others to waste. Plaintiffs once again rely exclusively on the fact that

this is an FLSA case, arguing that FLSA claims should not be subject to the normal requirements of the Federal Rules of Civil Procedure.[1]

Plaintiffs' citation to *In re Doria* for this proposition is unavailing. As addressed above, the plaintiffs there had at least offered a justification for their refusal to participate in discovery, specifically, fear of retaliation. That is far different from what happened here. As stated in *Doria*, "courts should be reluctant to punish individuals who initially decide to join **and then back out.**" *In re Doria*, 2018 U.S. Dist. LEXIS 42854, at *13 (emphasis added). But this rationale cannot apply here precisely because Desnoes and Popocol did not "back out." If they had communicated that they no longer desired to be a part of the lawsuit, the parties could have reacted accordingly. Instead, they just disappeared. There is no indication whatsoever that their absence was due to the unique nature of the opt-in process. They also showed utter disregard for Plaintiffs, Defendants, and most importantly this Court, and have been content to let others incur substantial costs and suffer prejudice as a result of their absence.

Court orders cannot be ignored without meaningful consequence. Simply put, dismissing a claim that Popocol and Desnoes have already abandoned is not a penalty at all, and certainly does not deter parties from asserting claims. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) ("Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction and to deter those who might be tempted to such conduct in the absence of such a deterrent" [internal citations omitted]). A false comparison of the financial resources of TXX and opt-in plaintiffs here is irrelevant. A sanction of attorney's fees

---

[1] While Plaintiffs argue that attorneys' fees and costs should not be awarded for a Rule 41 dismissal (Opp. at p. 5 and cases cited herein), Defendants have invoked only Rules 37(b)(2)(C) and 37(d)(3), not Rule 41, in support of their sanctions request.

and costs will help to make Defendants whole, will appropriately sanction Desnoes and Popocol for their willful actions, and will deter future conduct.

Further, Plaintiffs' criticism of Defendants for making the instant Motion (Opp. at pp. 8-9) is nothing short of ridiculous under these circumstances. As they are well aware, it is not clear whether a post-order motion of this nature is to be considered a Motion Relating to Discovery or Other Non-dispositive Motions, or a Notice on Motion, under the Court's Individual Motion Practices. *See* January 9, 2018 letter from Defendants' counsel [Dkt. 236]). Defendants' counsel chose the course that maximized the ability of Plaintiffs to oppose this dismissal request. There is little doubt that Plaintiffs' counsel would have strenuously objected had Defendants' counsel utilized the Court's rule for Discovery or Other Non-Dispositive Motions.

The contention raised by Plaintiffs regarding the meet and confer process is, likewise, absurd. Defendants have sought Plaintiffs' consent for dismissal multiple times including, to no avail, just prior to making both this Motion and its November 21, 2017 Letter Motion to Dismiss [Dkt. 230] (*see* April 9, 2018 Pagano Decl., Exh. F), resulting in the Order disobeyed by Popocol and Desnoes.[2] Any further efforts would have been futile.

### C. Conclusion

For the foregoing reasons and those set forth in Defendants' Memorandum of Law in Support of the instant Motion, Opt-In Plaintiffs Solomon Desnoes and Alma Popocol have failed to fulfill their obligation to participate in discovery in this action, despite the Court's Order compelling them to do so. Accordingly, Defendants respectfully request that the Court grant the instant Motion to Dismiss their claims in their entirety, with prejudice. Defendants further

---

[2] Defendants also met and conferred with Plaintiffs' counsel prior to filing the November 21, 2017 Letter Motion, including a September 26, 2017 email to Plaintiffs' counsel. [Dkt. 230-1 at Ex. A].

respectfully request that the Court award Defendants' reasonable expenses, including attorney's fees, in accordance with Rules 37(b)(2)(C) and 37(d)(3) of the Federal Rules of Civil Procedure.

Dated: May 4, 2018
      Riverhead, New York

      Respectfully submitted,

      TWOMEY, LATHAM, SHEA, KELLEY,
      DUBIN & QUARTARARO, LLP

      By: _____
          Jeffrey W. Pagano

      33 West Second Street
      P.O. Box 9398
      Riverhead, NY 11901
      (631) 727-2180, ext. 205
      (631) 727-1767 (fax)

      Ira M. Saxe
      CROWELL & MORING LLP
      590 Madison Avenue, 20th Floor
      New York, New York 10022
      (212) 223-4000
      (212) 223-4134 (fax)

      Attorneys for Defendants TXX Services,
      Inc. and Patricia Hunt

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS OPT-IN PLAINTIFFS SOLOMON DESNOES AND ALMA POPOCOL was served on May 4, 2018 by overnight courier to Plaintiffs' following attorneys of record listed below:

>D. Maimon Kirschenbaum, Esq.
>Denise Schulman, Esq.
>JOSEPH & KIRSCHENBAUM LLP
>32 Broadway, Suite 601
>New York, NY 10004
>
>Douglas Weiner, Esq.
>Lipman & Plesur, LLP
>Jericho Atrium
>500 North Broadway #105
>Jericho, NY 11753

Dated: May 4, 2018
      New York, New York

_____
Ira M. Saxe

NYACTIVE-16511470.1