FILED
CLERK
12/9/2021 12:38 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF NEW YORK

-------------------------------------------
CECIL THOMAS et al,
                                              Case #2:13-cv-02789-SIL
                              Plaintiffs,     United States Courthouse
                                              Central Islip, New York
                      v.                      April 19, 2021
TXX SERVICES, INC. et al,                     11:00 a.m. calendar

                              Defendants.
-------------------------------------------

               TRANSCRIPT FOR CIVIL CAUSE
                  - STATUS CONFERENCE -
           BEFORE THE HONORABLE STEVEN I. LOCKE
              UNITED STATES MAGISTRATE-JUDGE

                    - A P P E A R A N C E S -
```

| | |
|---|---|
| For Plaintiff: | DANIEL MAIMON KIRSCHENBAUM, ESQ. |
| | Joseph & Kirschenbaum LLP |
| | 233 Broadway, 5th Floor |
| | New York, New York 10279 |
| | (212) 688-5640; (212) 688-2548 fax |
| | maimon@jhllp.com |
| | |
| For Plaintiff: | DENISE ANDREA SCHULMAN, ESQ. |
| | Joseph, Herzfeld, Hester & Kirschenbaum LLP |
| | 32 Broadway, Suite 601 |
| | New York, New York 10004 |
| | (212) 688-5640; (212) 688-2548 fax |
| | denise@jhllp.com |
| | |
| For Defendants: | JEFFREY W. PAGANO, ESQ. |
| | Twomey Latham Shea Kelley Dubin & Quartararo LLP |
| | 33 West Second Street, P.O. Box 9398 |
| | Riverhead, New York 11901 |
| | (631) 727-2180; (631) 574-1258 fax |
| | jpagano@suffolklaw.com |
| | |
| For Defendants: | IRA M. SAXE, ESQ. |
| | Crowell & Moring LLP |
| | 590 Madison Avenue 20th Floor |
| | New York, New York 10022 |
| | (212) 223-4000; (212) 223-4134 fax |
| | isaxe@crowell.com |

(Proceedings recorded by electronic sound recording)

```
                 Thomas et al v. Txx Services, Inc., et al - 4/19/21          2
 1              THE COURT:  Good morning, everybody, this is
 2   Magistrate Judge Locke.  Kristin, let's call the case.
 3              LAW CLERK:  Calling case 13-cv-2789, Thomas et al v.
 4   Txx Services Inc. et all.  Counsels, please state your
 5   appearances for the record.
 6              MR. KIRSCHENBAUM:  Maimon Kirschenbaum, for plaintiff.
 7   Good morning, Your Honor.
 8              THE COURT:  Good morning.
 9              MS. SCHULMAN:  Denise Schulman, for plaintiff.
10              MR. PAGANO:  JEFFREY PAGANO, on behalf of the
11   defendants.
12              MR. SAXE:  Good morning, Your Honor, Ira Saxe, also
13   for defendants.
14              THE COURT:  Is that everybody?
15              MR. KIRSCHENBAUM:  Yes.
16              THE COURT:  Okay.  Good morning, it's been a long
17   time.  This is for a status conference.  The motion for summary
18   judgment has been decided.  What's next?
19              MR. KIRSCHENBAUM:  Your Honor, this is Maimon
20   Kirschenbaum.  I think what's next, as far as I understand is we
21   need to know if defendants are going to be moving to decertify
22   the collective, or if they want to go to trial on a collective.
23              THE COURT:  That's my recollection as well.  Mr.
24   Pagano?
25              MR. PAGANO:  Your Honor, I think we should take some
```

Thomas et al v. Txx Services, Inc., et al - 4/19/21        3

1  time for mediation.  I know that sounds odd coming from me in
2  this case, but there might an opportunity and I would not want
3  to spend the money and time.  We spend it already, but I'd
4  rather not add more if there's that opportunity.  I have
5  recently had a successful one which blew my mind, but
6  nonetheless, I would ask the Court to give us sufficient time to
7  engage in that process.
8          THE COURT:  Mr. Pagano?
9          MR. PAGANO:  Did Your Honor just ask me?
10         THE COURT:  Yes.  It's not my process to make people
11 mediate if they don't want.
12         MR. PAGANO:  I'm amendable to mediation.  I still
13 think we should figure out how we're going to do this as a
14 collective or on an individual basis and sort of keep the ball
15 moving because this case is like eight years old.
16         THE COURT:  We're talking about mediation of the
17 collective.  Right now, it's certified.  So, it would be a
18 resolution of the collective action?
19         THE COURT:  Right.
20         MR. PAGANO:  It would be a resolution of the
21 collective action, yes.
22         THE COURT:  Right.  So, you both said yes to that.
23 So, given that, Mr. Kirschenbaum, are you interested in
24 mediation?
25         MR. KIRSCHENBAUM:  Yes.

Thomas et al v. Txx Services, Inc., et al - 4/19/21 4

1 THE COURT: Okay. What I would like to do is I'll
2 give you 90 days to -- Are you talking about a private mediator,
3 Court Annexed Mediation, what do you want?
4 MR. KIRSHENBAUM: Private.
5 THE COURT: Mr. Pagano?
6 MR. PAGANO: I have no objection to that.
7 THE COURT: Okay.
8 MR. KIRSHENBAUM: I mean, we're talking about a big
9 case, I think we should have a mediator that we --
10 THE COURT: I'm not pushing you in any direction on
11 this. I'm just trying to figure out how we can get to a point
12 where if you're going to mediate, it's going to be a brass-
13 knuckles good faith mediation that you're both interested in.
14 And if you're both amenable to private mediation and getting it
15 done in the next 90 days, I'll give you an order to that effect.
16 MR. PAGANO: Your Honor --
17 MR. KIRSHENBAUM: That's good for plaintiff.
18 MR. PAGANO: Your Honor, from defendant's perspective,
19 we can't get it done in 90 days because of the document
20 requirements. You've got to remember, we don't have timesheets,
21 we have run sheets. So, what we have to do is analyze and we'll
22 give to opposing counsel what that data shows. And that data
23 will be basically what liability there is, if any, plaintiff by
24 plaintiff. And from my experience so far, there's a group that
25 has been doing it for Uber in the Uber litigation, and they

Thomas et al v. Txx Services, Inc., et al - 4/19/21                5

1  apparently have this expertise on it.  And since, as you can see
2  from the summary judgment, the facts, meaning, what we have are
3  the run sheets, we have the hand-held scanners, and we're trying
4  to coordinate those technologies.  So, what I would rather do
5  is, take the 90 days, and focus in on that, and then get with
6  Maimon and say, okay, here's what we have.  Because we're
7  talking about thousands, if not millions of documents over this
8  period of years.
9           THE COURT:  And this is eight years into the
10 litigation, and you don't have this information at your
11 fingertips?
12          MR. PAGANO:  One more thing, Your Honor.  We're not
13 talking about a ride that has a beginning and an end that's
14 recorded, we're talking about people whose time is not that
15 closely tracked.  We've done plenty of discovery to try and
16 determine the amount of hours that people worked.  I think we
17 took like ten depositions and one of the topics that was probed
18 at great lengths was the amount of hours that people were closed
19 from testimony perspective and from whatever documentation was
20 available.
21          MR. KIRSHENBAUM:  If I might respond, Your Honor, with
22 all due respect, that's inaccurate.
23          THE COURT:  Well, look, before we get into this too
24 deeply, and I'll let you respond, if we can't get on the same
25 page with this, no problem, we'll get to the motion to

```
                  Thomas et al v. Txx Services, Inc., et al - 4/19/21      6
 1   decertify.  That's fine.  I am with you one way or the other on
 2   this mediation.  And if the plaintiffs, after eight years, are
 3   ready to move or want to keep moving, they want summary
 4   judgment, I get it.  Mr. Kirschenbaum, do you want to do this?
 5           MR. KIRSCHENBAUM:  I don't have a problem with just
 6   getting that additional information, and doing it in 90 days,
 7   and mediating afterwards, but if he's going to make this motion
 8   to decertify, I want to get it out of the way at this point.
 9           THE COURT:  Wait, wait, wait.  You want to do the
10   motion before or after the mediation?  What are you saying?
11           MR. KIRSHENBAUM:  What I'm saying is, if he can't
12   attend the mediation in 90 days, then I don't want to put
13   anything on hold for the mediation.  I'll mediate concurrently,
14   but I don't want to put the whole litigation on hold again.
15           MR. PAGANO:  Your Honor, with all respect, here's the
16   question though, the answer to the decertification implicates
17   the legitimacy of the mediation because you can't have one.  I
18   will assume for purposes of the mediation that there is not
19   going to be a motion for decertification.  That's what I'm
20   willing to do.
21           THE COURT:  You want to settle the case globally.  The
22   mediation will settle the case globally, all of it.
23           MR. PAGANO:  Yes.
24           THE COURT:  I understand.
25           MR. PAGANO:  That's the goal.
```

```
                Thomas et al v. Txx Services, Inc., et al - 4/19/21        7
 1              THE COURT:  So, you're asking for more than 90 days,
 2   and Mr. Kirschenbaum says he doesn't want to wait 90 days, if
 3   I'm understanding you correctly, Mr. Kirschenbaum.  And that's
 4   fine.  I just don't want to issue a ruling before I make sure
 5   I'm understanding you correctly.
 6              MR. KIRSHENBAUM:  That's right, I don't want to wait
 7   more than 90 days.  I would point out and my colleague, Ms.
 8   Schulman could elaborate on this more.  There are, what's called
 9   "Datatrack reports" that the defendants refused that actually
10   track the information that Mr. Pagano is talking about.  Now, if
11   he wants to do something more elaborate, that's fine from a
12   trial perspective, but like I said, just to be 100 percent
13   clear, I don't want to push it out more than 90 days.
14              THE COURT:  That's fine.
15              MR. KIRSHENBAUM:  If we can't mediate it in the next
16   90 days, we don't want to put the litigation on hold.
17              THE COURT:  Okay.
18              MR. PAGANO:  Maimon, what I'm referring to is the time
19   before Datatrack.  That's our problem.
20              MS. SCHULMAN:  The Datatrack record covered the whole
21   period.  You produced them going all the way back to the
22   beginning of the liability period.
23              MR. PAGANO:  Well, apparently, it doesn't match up
24   with the documents that are necessary to come up with the actual
25   hours.
```

```
                 Thomas et al v. Txx Services, Inc., et al - 4/19/21         8
 1            THE COURT:  Okay.  I've heard enough.  I've heard
 2   enough.  You don't have to have a conversation between
 3   yourselves with me on the line.
 4            MR. PAGANO:  I'm sorry.
 5            THE COURT:  I'm way backed up today, not through any
 6   fault of yours at all.  And I won't get into the details on
 7   that, but it sounds like the answer is, if you want the 90 days,
 8   Mr. Pagano, you got it.  If it's not enough, let's set a
 9   briefing schedule on decertification or talk about a final
10   pretrial order.  It's your choice.
11            MR. PAGANO:  Well, if we want to go forward with the
12   mediation, I guess we'll have to do it in the next 90 days.
13            THE COURT:  Okay.  Mr. Kirschenbaum, are you on board
14   with that?
15            MR. KIRSCHENBAUM:  I am.
16            THE COURT:  Okay.  So, I'm going to give you a
17   conference date more than 90 days out.  Hopefully, it's just a
18   little more than 90 days out, and we'll check in and you'll tell
19   me whether it's settled or not, and what we need to do next.
20   Kristin, what do we have in 90 days?
21            MR. KIRSCHENBAUM:  Your Honor, can I just throw
22   something out?
23            THE COURT:  Sure.
24            MR. KIRSCHENBAUM:  If it doesn't settle, I think at
25   the status update, we should give Your Honor a briefing schedule
```

```
                Thomas et al v. Txx Services, Inc., et al - 4/19/21           9
 1   for a motion for decertification.  If that's okay with Your
 2   Honor.
 3              THE COURT:  You can do that, otherwise, I'm going to
 4   set one.  So, either way.  You can do it beforehand, or we'll
 5   set one at the conference.
 6              MR. KIRSCHENBAUM:  Okay.
 7              THE COURT:  I wouldn't think that would take very
 8   long, but that's what I would envision.
 9              LAW CLERK:  Sure, judge.  How about July 19th at 11:00
10   a.m.?
11              THE COURT:  Okay.  July 19th at 11:00 a.m. and that
12   will be a phone call.  Is everybody available?
13              MR. PAGANO:  That's a Monday, I believe.
14              THE COURT:  Okay.  We'll open on Monday, we'll speak
15   then.  Have a day, everybody.
16              ALL COUNSEL:  Thank you, Your Honor.
17                                - o0o -
18                             CERTIFICATION
19         I, Rochelle V. Grant, approved transcriber, certify
20   that the foregoing is a correct transcript from the official
21   electronic sound recording of the proceedings in this matter,
22   Case 2:13-cv-02789, held on 4/19/21.
```

*Rochelle V. Grant*

December 3, 2021

AA EXPRESS TRANSCRIPTS
195 Willoughby Avenue
Brooklyn, New York 11205
(888) 456-9716
aaexpress@court-transcripts.net