UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CECIL THOMAS and JOHN DEAN, on
behalf of themselves and all others similarly
situated,

      **MEMORANDUM AND ORDER**

    Plaintiffs,

 -against-         13-CV-2789 (SIL)

TXX SERVICES, INC. and PATRICIA
DOUGAN HUNT,

    Defendants.
----------------------------------------------------------------X

**STEVEN I. LOCKE, United States Magistrate Judge:**

  Plaintiffs seek leave to take an additional deposition of Defendants' expert. *See* DE [286]. During expert discovery, Defendants produced SQL databases without a data dictionary or other explanation of fields, structure and content of the data, and Defendants' expert relied on the content of the databases in completing his expert report. *See* DE [286] at 1, Exs. 1-2. Defendants contend that only their retained expert can provide the information necessary to interpret the data. *See* DE [286] at 1; DE [287] at 2. As a result, Plaintiffs seek a preliminary deposition of Defendants' expert to understand the databases followed by a second, substantive expert deposition. *See* DE [286] at 3.

  Under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") (26)(b)(2)(A) and 30(a)(2)(A)(ii), the Court, in its discretion, may grant leave to a party to take an additional deposition of a deponent. *See* Fed. R. Civ. P. (26)(b)(2)(A), 30(a)(2)(A)(ii). In exercising its discretion, the Court considers: "'(1) whether the second deposition

1

of the witness would be unnecessarily cumulative; (2) whether the party requesting the deposition has had other opportunities to obtain the same information; and (3) whether the burden of a second deposition outweighs its potential benefit.'" *Burlington Packaging, Inc. v. Extra Packaging*, Inc., 08-CV-1515 (PK), 2021 WL 9350610, at *1 (E.D.N.Y. Nov. 25, 2021) (quoting *U.S. v. Prevezon Holdings, Ltd.*, 320 F.R.D. 112, 115 (S.D.N.Y. 2017)). The Court has "'discretion to make a determination which is fair and reasonable under all the relevant circumstances.'" *Id.* (quoting *Ganci v. U.S. Limousine Serv., Ltd.*, No. CV 10-3027(JFB)(AKT), 2011 WL 4407461, at *2 (E.D.N.Y. Sep. 21, 2011)).

Applying these standards, the Court grants Plaintiffs leave to take an additional deposition of Defendants' expert. Defendants are obligated to explain the SQL databases they produced as structured databases are "highly unique and customized to support a specific task or system owner," and "the ability to fully understand . . . data within a database requires knowledge of data relationships, what the information represents, and how it was generated." *Winfield v. City of New York*, 15CV05236LTSKHP, 2018 WL 840085, at *6 (S.D.N.Y. Feb. 12, 2018) (citation and quotation omitted). Moreover, Defendants' expert is the only person that can explain the databases, so Plaintiffs have no other means to obtain the same information. Finally, the benefit of two depositions so that Plaintiffs can first interpret the databases and then adequately depose Defendants' expert regarding his report outweighs a burden on Defendants. Accordingly, Plaintiffs' motion is granted.

Defendants' expert is ordered to appear for a preliminary deposition regarding the meaning and structure of the produced SQL databases by no later than January 20, 2023. Defendants' expert shall then appear for a second deposition and Plaintiffs shall serve their own expert disclosures by no later than March 6, 2023. Defendants will depose Plaintiffs' expert by no later than April 5, 2023. The status conference set for March 6, 2023 is adjourned to April 28, 2023 at 10:30 a.m. in Courtroom 820 of the Central Islip Courthouse. The in-person status conference will not be adjourned again for any reason.

Dated:  Central Islip, New York  **SO ORDERED.**
        December 6, 2022

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge